UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

**CIVIL STANDING ORDER FOR
MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY**
(Revised May 25, 2012)

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at http://www.cand.uscourts.gov. The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## CALENDAR DATES

- Civil motions are heard on Thursday at 9:00 a.m.  During the months when Judge Corley is on criminal duty, the Court may move any Thursday 9:00 a.m. motions to Thursday afternoon.

- Civil case management, status, and pretrial conferences are heard on Thursdays at 1:30 p.m.

## SCHEDULING

- Parties should notice motions (other than discovery motions) pursuant to the local rules. Parties need not reserve a hearing date, but should confirm the Court's availability at http://www.cand.uscourts.gov. For scheduling questions, please call Judge Corley's courtroom deputy, Ada Means at (415) 522-2015.

## CONSENT CASES

- In civil cases that are randomly assigned to Judge Corley for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.  If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion.

- In no event shall the consent or declination be filed later than the deadlines specified in Civil Local Rule 73-1(a)(1) and (2).

## CHAMBERS COPIES AND PROPOSED ORDERS

- Under Civil Local Rule 5-1(b) parties must lodge an extra paper copy of any filing and mark it as a copy for "Chambers."  All chambers copies should be three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page.  All exhibits shall

be clearly delineated with labels. If the filing includes exhibits over two-inches thick, the parties shall place the chambers copy in a binder. In a case subject to electronic filing, chambers copies must be submitted by the close of the next court day following the day the papers are filed electronically. The parties do not need to submit chambers copies for stipulations, pro hac vice applications and similar non-motion filings.

• Any stipulation or proposed order in a case subject to e-filing should, in addition to being e-filed, be submitted by email to jscpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the Court.

## CIVIL CASE MANAGEMENT

• No later than seven (7) days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Northern District of California's general standing order for civil cases entitled "Contents of Joint Case Management Statement," a copy of which is attached hereto.

• Parties may not continue a case management, status, or pretrial conference without Court approval. Each party shall be represented in person at the Case Management Conference by counsel (or a party if in pro se), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's general standing order on Joint Case Management Statements; and(2) have full authority to enter stipulations and make admissions pursuant to that order. Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made in advance of the hearing if the Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective conference. The facts establishing good cause must be set forth in the request.

• All case management, status and pretrial conferences are audio recorded. They are not reported by a court reporter unless counsel requests a court reporter in advance.

• **Motions to File Under Seal**
Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5 and General Order 62. The moving party shall simultaneously publicly e-file, as an exhibit to the administrative motion to file under seal, a proposed public redacted version of the document(s) that the party is seeking to file under seal.

If the sole ground for the sealing order is that the opposing party (or non-party) has

designated the document as confidential, the opposing party (or nonparty) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation **within three days**. If the declaration is not filed as required, the court may order that the document(s) be filed in the public record.

If the court grants the motion to seal in whole or in part, the moving party shall e-file the document(s) under seal **within three days** in accordance with General Order 62-5.

## CIVIL DISCOVERY

*Discovery disputes referred from a district court judge*

- Discovery disputes in cases referred by a district court judge to this Magistrate Judge must follow either procedure no. 1 or procedure no. 2, set forth below, depending on the status of the dispute at the time of the referral by the district court.

<u>Procedure No. 1</u>:     Motions noticed for hearing before the district court and subsequently referred to this magistrate judge shall maintain the original district court briefing schedule. Judge Corley will re-schedule a hearing on the motion to a date on Judge Corley's civil law and motion calendar.

<u>Procedure No. 2</u>:     Discovery disputes which arise after the case has been referred to this Magistrate Judge, or before a formal motion has been filed before the district court, shall follow the procedure below:

- The parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement.

- If the parties are unable to resolve their dispute informally after a good faith effort, they shall prepare a joint statement of not more than eight pages stating the nature and status of the dispute. Issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue. The parties are strongly encouraged to submit a joint statement, but in the rare instances when a joint statement is not possible, each side may submit a statement of not more than two pages. The joint statement or individual statements shall be e-filed (unless the case is exempt from e-filing requirements) and courtesy copies submitted as required by the Civil Local Rules. Whether joint or individual, the statement must be filed under the Civil Events category of "Motions and Related

Filings > Motions – General > Discovery Letter Brief."

■ Upon review of the parties' submission[s], the Court will advise
the parties of how the Court intends to proceed.  The Court may
issue a ruling or schedule a telephone conference or in person
conference with the parties, and at such conference may issue
rulings, order more formal briefing, or set further hearing dates.
The Court may also order the parties to come to the courthouse to
meet and confer in good faith.

*Discovery disputes in cases which are assigned to Judge Corley for all purposes through
consent of the parties*

● The parties shall follow procedure no. 2 above for all discovery disputes in cases
assigned to Judge Corley for all purposes.

● **Privilege Logs**
If a party withholds material as privileged, see Fed. R. Civ. P. 26(b)(5) and 45(d)(2)(A),
it must produce a privilege log as quickly as possible, but no later than fourteen days
after its disclosures or discovery responses are due, unless the parties stipulate to or the
Court sets another date. Privilege logs must contain the following: (a) the subject matter
or general nature of the document (without disclosing its contents); (b) the identity and
position of its author; (c) the date it was communicated; (d) the identity and position of
all addressees and recipients of the communication; (e) the document's present location;
and (f) the specific privilege and a brief summary of any supporting facts.  Failure to
furnish this information promptly may be deemed a waiver of the privilege or protection.

**UNREPRESENTED (PRO SE) PARTIES**

● Parties representing themselves should visit the link titled "Representing Yourself" on
the Court's homepage, www.cand.uscourts.gov.  The link discusses the Court's "Legal
Help Center" for unrepresented parties which is located on the 15th floor, room 2796, of
the courthouse, 450 Golden Gate Avenue, San Francisco.

**IT IS SO ORDERED.**

JACQUELINE SCOTT CORLEY
United States Magistrate Judge