DALE L. ALLEN, JR., SBN 145279
KEVIN P. ALLEN, SBN 252290
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111
Telephone:   (415) 981-6630
Facsimile:    (415) 982-1634
Email: dallen@lowball.com
Email: kallen@lowball.com

Attorneys for Defendants
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT AND BART DEPUTY POLICE CHIEF DAN HARTWIG

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and  BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>            Defendants. | Case No. C12-5289 JSC<br><br>**ANSWER TO VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL, filed by BART; BART Deputy Chief DAN HARTWIG, sued in his official and individual capacities.** |

Comes now defendants SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART"); and BART Deputy Chief DAN HARTWIG, sued in his official and individual capacities, and in answer to the complaint on file herein admit and allege as follows:

### **INTRODUCTION**

1.      As to paragraph 1 of Plaintiff's Complaint -- which contains introductory argument by Plaintiff -- no response is required. To the extent a response is required, Defendants respond as follows: in answer to the allegations of paragraph 1 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## JURISDICTION

2. As to paragraph 2 of Plaintiff's Complaint -- which alleges jurisdiction -- no response is required. To the extent a response is required, Defendants respond as follows: in answer to the allegations of paragraph 2 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## VENUE

3. As to paragraph 3 of Plaintiff's Complaint -- which alleges venue -- no response is required. To the extent a response is required, Defendants respond as follows: admitted.

## INTRADISTRICT ASSIGNMENT

4. As to paragraph 4 of Plaintiff's Complaint -- which alleges intra-district assignment -- no response is required. To the extent a response is required, Defendants respond as follows: admitted.

## PARTIES

5. As to paragraph 5 of Plaintiff's Complaint -- which alleges the parties -- no response is required. To the extent a response is required, Defendants respond as follows: in answer to the allegations of paragraph 5 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

6. As to paragraph 6 of Plaintiff's Complaint -- which alleges the parties -- no response is required. To the extent a response is required, Defendants respond as follows: admitted.

7. As to paragraph 7 of Plaintiff's Complaint -- which alleges the parties -- no response is required. To the extent a response is required, Defendants respond as follows: admitted.

## STATEMENT OF CLAIM

8. In answer to the allegations of paragraph 8 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

///

9. In answer to the allegations of paragraph 9 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

10. In answer to the allegations of paragraph 10 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

11. In answer to the allegations of paragraph 11 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

12. In answer to the allegations of paragraph 12 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

13. In answer to the allegations of paragraph 13 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

14. In answer to the allegations of paragraph 14 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

15. In answer to the allegations of the first sentence of paragraph 15 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein. In answer to the allegations of the second sentence of

1 | paragraph 15, admitted.

2 |     16.    In answer to the allegations of the first sentence of paragraph 16 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein. In answer to the allegations of the second sentence of paragraph 16, admitted.

    17.    In answer to the allegations of paragraph 17 of the complaint, Defendants admit that a BART officer fatally shot Mr. Charles Hill at the Civic Center station on July 3, 2011.  In answer to all other allegations of paragraph 17 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

    18.    In answer to the allegations of paragraph 18 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

    19.    In answer to the allegations of paragraph 19 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

    20.    In answer to the allegations of paragraph 20 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

    21.    In answer to the allegations of paragraph 21 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

///

22. In answer to the allegations of paragraph 22 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

23. In answer to the allegations of paragraph 23 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

24. In answer to the allegations of paragraph 24 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

25. In answer to the allegations of paragraph 25 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

26. In answer to the allegations of paragraph 26 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

27. In answer to the allegations of paragraph 27 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

28. In answer to the allegations of paragraph 28 of the complaint, these defendants have no information or belief to enable them to answer said allegation, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

29.     In answer to the allegations of paragraph 29 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

30.     In answer to the allegations of paragraph 30 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

31.     In answer to the allegations of paragraph 31 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

32.     In answer to the allegations of paragraph 32 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

33.     In answer to the allegations of paragraph 33 of the complaint, these defendants respond as follows: admitted.

34.     In answer to the allegations of paragraph 34 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

35.     In answer to the allegations of paragraph 35 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

/ / /

/ / /

36. In answer to the allegations of paragraph 36 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**FIRST CLAIM FOR RELIEF**
(False Imprisonment/False Arrest)
(BART and Hartwig)

37. In answer to the allegations of paragraph 37 of the First Cause of Action, defendants incorporate by reference paragraphs 1 through 36 of this Answer.

38. In answer to the allegations of paragraph 38 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

39. In answer to the allegations of paragraph 39 of the complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**SECOND CLAIM FOR RELIEF**
(Unlawful Seizure, 42 U.S.C. §1983)
(Hartwig)

40. In answer to the allegations of paragraph 40 of the First Cause of Action, defendants incorporate by reference paragraphs 1 through 39 of this Answer.

41. In answer to the allegations of paragraph 41 of the complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

42. In answer to the allegations of paragraph 42 of the complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

///

///

///

///

**THIRD CLAIM FOR RELIEF**
(Retaliation Based on First Amendment Conduct, 42 U.S.C. §1983)
(Hartwig)

43. In answer to the allegations of paragraph 43 of the First Cause of Action, defendants incorporate by reference paragraphs 1 through 42 of this Answer.

44. In answer to the allegations of paragraph 44 of the complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

45. In answer to the allegations of paragraph 45 of the complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

46. In answer to the allegations of paragraph 46 of the complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**DAMAGES**

47. In answer to the allegations of paragraph 47 of the complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**PUNITIVE DAMAGES**

48. In answer to the allegations of paragraph 48 of the complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**JURY DEMAND**

Defendants also demand a jury trial.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That plaintiff assumed the risk of any injuries and/or damages resulting from the matters set forth in said complaint, and that said assumption of risk by plaintiff was a cause of the injuries and/or damages alleged by plaintiff, if any there were.

///

///

///

## SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That plaintiff was himself negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to his alleged injuries and/or damages. A verdict of the jury in favor of plaintiff, if any, which may be rendered in this case must therefore be reduced by the percentage that plaintiff's negligence contributed to the accident and injuries complained of, if any there were.

## THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That the complaint does not state facts sufficient to constitute a cause of action against these answering defendants.

## FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering defendants allege that this complaint is barred by the statute of limitations set forth in the California Code of Civil Procedure, commencing with section 312 and continuing through section 349.4, more particularly, but not limited to, the following sections: 312, 335, 335.1, 342, and applicable subsections.

## FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff failed to mitigate his damages.

///

///

///

///

## SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff was guilty of willful misconduct and wanton and reckless behavior in and about the matters and events set forth in said complaint; and that said willful misconduct and wanton and reckless behavior contributed to the injuries and damages alleged, if any there were.

## SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Should plaintiff recover non-economic damages against any defendant, the liability for non-economic damages is limited to the degree of fault and several liability of said defendants pursuant to Civil Code section 1431.2 and a separate, several judgment shall be rendered against said defendant based upon said defendant's degree of fault and several liability.

## EIGHTH AFFIRMATIVE DEFENSE

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

As a further, separate, affirmative defense, defendants allege that they are entitled to a set-off of any damages recovered by plaintiff.

## NINTH AFFIRMATIVE DEFENSE

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Any and all acts or omissions of San Francisco Bay Area Rapid Transit District, its agents and employees, which allegedly caused the injury at the time and place set forth were the result of an exercise of discretion vested in them.

///

///

///

///

TENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times mentioned in the complaint, defendant Deputy Chief Hartwig was a public employees of San Francisco Bay Area Rapid Transit District, and if he performed any of the acts or omissions alleged as the basis of the complaint, the acts or omissions were the result of the exercise of the discretion vested in him.  Defendants are therefore immune from liability.

ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times mentioned in the complaint, San Francisco Bay Area Rapid Transit District is not liable for any of these acts or omissions alleged in the complaint because the complaint only alleges that it is liable based on the acts or omissions of others.

TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times mentioned in the complaint, defendant Deputy Chief HARTWIG was a public employee of San Francisco Bay Area Rapid Transit District and, as such, is not liable for any of these acts or omissions alleged in the complaint because the complaint only alleges that defendant Deputy Chief HARTWIG is liable based on the acts or omissions of others.

THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendants allege that plaintiff failed to set forth the facts sufficient to state a cause of action due to a failure to comply with claims requirements of the California Government Code §§ 900 et. seq.

/ / /

/ / /

/ / /

### FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Any and all mandatory duties imposed upon San Francisco Bay Area Rapid Transit District, its agents and employees, the failure of which allegedly created the condition complained of, were exercised with reasonable diligence and therefore San Francisco Bay Area Rapid Transit District is not liable pursuant to Government Code § 815.6.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendant BART's alleged employees mentioned in plaintiffs' complaint were, at all times, duly qualified, appointed and acting police officer of San Francisco Bay Area Rapid Transit District and peace officer of the State of California and in accordance with the Constitution of the United States and the State of California and the laws of the United States and the laws of the State of California; and at all times mentioned herein, said officers were engaged in the performance of their regularly assigned duties within the scope of their duties as peace officers of San Francisco Bay Area Rapid Transit District.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering defendants acted in good faith and with a reasonable belief that the actions were lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

The acts of these answering defendants were lawful and proper and in all respects were reasonable and legal.

EIGHTEENTH AFFIRMATIVE DEFENSE

AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

In this connection probable cause existed to believe that plaintiff had committed a public offense and, therefore, probable cause existed to detain and/or arrest plaintiff.

NINETEENTH AFFIRMATIVE DEFENSE

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times relevant to this litigation, plaintiff was subject to restraint as was reasonably necessary for his detention and/or arrest.

TWENTIETH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering defendants are immune from liability pursuant to the provisions of §§ 815, 815.2, 818, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, 844.6, and 845.6 of the Government Code of the State of California.

TWENTY-FIRST AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendant Deputy Chief HARTWIG is immune from plaintiff's Second Cause of Action (unlawful seizure under 42 U.S.C. §1983) and Third Cause of Action (First Amendment retaliation under 42 U.S.C. §1983) pursuant to qualified immunity. See *Ashcroft v. al-Kidd*, 563 — U.S. —, 131 S. Ct. 2074, 2080 (2011) and *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

/ / /

/ / /

/ / /

/ / /

/ / /

1 **PRAYER**

2   WHEREFORE, defendants pray that plaintiff takes nothing by way of the complaint on file

3 herein and that defendants have judgment for their costs, attorneys' fees and for such other and further

4 relief as the court deems proper.

6   Dated: November ___, 2012

7                                     LOW, BALL & LYNCH

9                                     By: /s/  Dale L. Allen, Jr

10                                    DALE L. ALLEN, JR.
                                      KEVIN P. ALLEN
11                                    Attorneys for Defendants
                                      SAN FRANCISCO BAY AREA RAPID TRANSIT
12                                    DISTRICT AND BART DEPUTY POLICE CHIEF
                                      DAN HARTWIG