1  DAN SIEGEL, SBN 56400
   MICHAEL SIEGEL, SBN 269439
2  SIEGEL & YEE
3  499 14th Street, Suite 300
   Oakland, CA  94612
4  Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
5  dansiegel@siegelyee.com
6  michael@siegelyee.com

7  Attorneys for Plaintiff
   DAVID MORSE
8

9  DALE ALLEN, JR., SBN 145279
   KEVIN ALLEN, SBN 252290
10 LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
11 San Francisco, CA 94111
12 Telephone: (415) 981-6630
   Facsimile: (415) 982-1634
13 dallen@lowball.com
   kallen@lowball.com
14

15 ATTORNEYS for Defendants
   SAN FRANCISCO BAY AREA RAPID TRANSIT, *et al.*
16

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE, | Case No. C12-5289 JSC |
| Plaintiff, | **RULE 26(f) REPORT** |
| vs. | |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure, Rule 26(f), the parties conferred and jointly propose to the court the following discovery plan:

(A) The parties propose to change the timing for disclosures as follows: the parties will exchange by February 15, 2013, the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. The parties request this later date of exchange in order to accommodate the trial schedule of defendants' counsel. The parties do not request any other changes regarding the form or requirement for disclosures.

(B) The parties agreed to minimize the need for formal discovery by providing thorough disclosures. Furthermore, the parties have agreed to defer completion of a discovery plan until the completion of initial disclosures. Notwithstanding, plaintiff expects to propound discovery on subjects including: (1) video documentary footage and other documents pertaining to the arrest of David Morse on September 8, 2011; (2) BART policies, practices, and customs regarding the policing of political demonstrations, civil disobedience, and how journalists should be treated in such situations; (3) communications by defendant Hartwig concerning David Morse, dating back to January 1, 2009; and (4) defendant's evidence, if any, that would support a finding of probable cause to arrest Morse on the day in question. Defendants reserve the right to propound discovery pending the completion of initial disclosures. The parties anticipate the necessity of conducting the depositions of Morse, Hartwig, and other witnesses to the events in question.

(C) Both parties will disclose and produce, pending discovery, electronically-stored information (ESI) including email messages and video and audio recordings. The parties agree that ESI will be provided in a form that includes all data and is reasonably accessible using common software programs.

(D) Some of the evidence to be produced by defendants will likely include confidential personnel records and other confidential documents. The parties have agreed to enter into a protective order, as necessary, to address any concerns of privacy and/or confidentiality.

(E) The parties have not yet contemplated whether they will request any changes to the limitations on discovery imposed by Rule 26 or local rules. The parties will make any requests in this regard after initial disclosures have been completed.

(F) The parties do not request any other orders.

Dated: January 31, 2013

                                            SIEGEL & YEE

                                            By: */s/* Michael Siegel
                                                   Michael Siegel

                                            Attorneys for Plaintiff
                                            DAVID MORSE

                                            LOW, BALL & LYNCH

                                            By: */s/* Kevin Allen
                                                   Kevin Allen

                                            Attorneys for Defendants
                                            BAY AREA RAPID TRANSIT, *et al.*