DALE L. ALLEN, JR., SBN 145279
KEVIN P. ALLEN, SBN 252290
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111
Telephone:  (415) 981-6630
Facsimile:   (415) 982-1634
Email: dallen@lowball.com
Email: kallen@lowball.com

Attorneys for Defendants
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
AND BART DEPUTY POLICE CHIEF DAN HARTWIG

DAN SIEGEL, SBN 56400
MICHAEL SIEGEL, SBN 269439
SIEGEL & YEE
499 14TH Street, Suite 300
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 44-6698
Email: dansiegel@siegelyee.com
Email: michael@siegelyee.com
Attorneys for Plaintiff DAVID MORSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>  Defendants. | Case No. C12-5289 JSC (DMR)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date:** July 11, 2013<br>**Time:** 1:30 p.m.<br><br>**Judge:** Hon. Jacqueline Scott Corley |

Pursuant to the Civil Standing Order for Magistrate Judge Jacqueline Scott Corley, the parties conferred and jointly propose to the court the following case management statement:

## I. JURISDICTION AND SERVICE

Plaintiff's action arises under a federal statute, 42 U.S.C. §1983, to redress alleged actions under color of state law which violated his constitutional rights. The Court has jurisdiction over this matter under 28 U.S.C. §1343. The Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. §1367. Defendant has not asserted any counter-claims.

The parties do not anticipate any issues regarding personal jurisdiction or venue.

All parties have been served.

## II. FACTS

On September 8, 2011, plaintiff David Morse, a veteran journalist, was covering a political protest at the Powell Street Station of defendant San Francisco Bay Area Rapid Transit (BART) when he was detained and ultimately arrested by BART police. Morse claims that his arrest was unlawful because, among other reasons, (1) he was displaying a press pass and holding two cameras, (b) numerous other Bay Area journalists were detained and then released without being arrested or charged, and (c) the supervising officer—defendant BART Deputy Police Chief Dan Hartwig—had personal knowledge that Morse was a professional journalist. BART claims that it had probable cause to order Morse's arrest for trespassing at a public rail facility, or that Morse was otherwise responsible for his arrest. As a result of his arrest, Morse was prevented from continuing his journalistic coverage of the political protests and was instead handcuffed for several hours and transported to a holding facility at San Francisco County Jail.

The principal factual issues in this case will include (1) whether Morse was in fact conducing journalistic activities at the time of the arrest, (2) what specific information BART possessed that would justify Morse's arrest, if any such information existed; and (3) whether Hartwig and/or other BART officials were motivated to retaliate against Morse based on his protected journalistic activities.

///

///

## III. LEGAL ISSUES

Morse brings three claims. His state law claim is for false imprisonment and false arrest. Under 42 U.S.C. §1983, he alleges both unlawful seizure in violation of the 4th Amendment and retaliation motivated by 1st Amendment activities.

To establish his claim for false arrest, Morse must prove that (1) defendants arrested him without a warrant, (2) Morse was harmed, and (3) defendants' conduct was a substantial factor in causing Morse's harm. See Judicial Council of California, Civil Jury Instructions (CACI) 1401 ("False Arrest Without Warrant by Peace Officer – Essential Factual Elements"). As an affirmative defense, defendants can show that they possessed probable cause to conduct the arrest. See CACI 1402.

To establish his claims under 42 U.S.C. §1983, Morse must prove that defendants deprived him of particular rights under the United States Constitution. In addition, to prove his claim for unlawful seizure in violation of the 4th Amendment, he must prove that (1) defendants seized Morse's person, (2) in seizing Morse's person, defendants acted intentionally, and (3) the seizure was unreasonable. See Ninth Circuit Model Civil Jury Instructions 9.18 ("Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Generally"). As an affirmative defense, defendants can show they possessed probable cause to conduct the arrest. See Ninth Circuit Model Civil Jury Instructions 9.20 ("Particular Rights—Fourth Amendment-Unreasonable Seizure of Person—Probable Cause Arrest").

To prove his claim for retaliation in violation of the First Amendment, Morse must show that (1) he engaged in speech and other conduct protected under the First Amendment, (2) defendants took action against him, (3) Morse's protected conduct was a substantial or motivating favor for the defendants' action, and (4) defendants lack probable cause to arrest Morse. See Ninth Circuit Model Civil Jury Instructions 9.10 ("Particular Rights—First Amendment—'Citizen' Plaintiff"); See also Beck v. City of Upland, 527 F.3d 853, 863-864 (9th Cir. 2008).

///

As an affirmative defense against Plaintiff's First and Fourth Amendment claims, defendants can assert qualified immunity. See Saucier v. Katz, 533 U.S. 194, 200 (2001). Under Saucier, Morse must show that defendants violated a constitutional right, and that this right was clearly established. Id. at 201. The dispositive inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. "If the officer's mistake as to what the law requires is reasonable, . . . the officer is entitled to the immunity defense." Id. at 205.

### IV.   MOTIONS

The parties to date have not filed any motions. No motions are pending. Defendants anticipate filing a motion for summary judgment, pending discovery.

### V.   AMENDMENT OF PLEADINGS

The parties previously agreed to a July 1, 2013 to amend the pleading. (Docket No. 12, *Joint Case Management Conference Statement*, 4:25-27). That deadline has now passed. No amended pleadings have been filed.

### VI.   EVIDENCE PRESERVATION

The parties have undertaken to preserve all evidence relevant to the issues reasonably evident in this action. The parties have interdicted any document destruction program, and have ensured that no relevant email, video, or other documentary evidence will be destroyed.

### VII.   DISCLOSURES

The parties have completed initial disclosures.

### VIII.   DISCOVERY

The parties are engaging in written discovery. No depositions have occurred to-date. The parties anticipate conducting depositions of the plaintiff, David Morse, the individual defendant, Dan Hartwig, and also, to the extent necessary, of other witnesses to the events in question.

### IX.   CLASS ACTIONS

This action is not a class action.

## X. RELATED CASES

The parties are not aware of any related cases or proceedings pending before another judge of this Court or before any other court or administrative body.

## XI. RELIEF

Plaintiff David Morse seeks compensatory, general, and punitive damages, as well as attorneys' fees and costs of suit. Morse's damages arise out of his alleged wrongful arrest, which deprived him of liberty for several hours and which impeded his ability to carry out his professional journalistic activities. Morse's damages exceed $75,000. This figure is based upon published decisions including *Quinn v. Fresno County Sheriff*, *et al.*, E.D. Cal., Case No. 1:10-cv-01617, in which a jury awarded the plaintiff $425,000 after trial on his claim of false arrest.

## XII. SETTLEMENT AND ADR

The parties participated in a Settlement Conference on June 4, 2013. (*Docket No.* 30). The matter did not resolve. (*Id.*) A further Settlement Conference is scheduled for August 30, 2013. (*Docket No.* 31).

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

All parties have filed their consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. (See *Docket Nos.* 6 and 11).

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties have not yet discussed issues that can be narrowed by agreement or by motion, and do not yet have any suggestions to expedite the presentation of evidence at trial or any requests to bifurcate issues, claims, or defenses. If early the parties do not agree to an early resolution of this case, defendants anticipate making a motion for summary judgment regarding the issue of qualified immunity.

///

## XVI. EXPEDITED TRIAL PROCEDURE

The parties have not agreed to handle this case via an expedited trial procedure.

## XVII. SCHEDULING

The Court previously set the following scheduling deadlines (see *Docket No.* 16):

A. Designation of experts: no later than July 1, 2013;

B. Discovery cutoff: September 30, 2013;

C. Hearing of dispositive motions: November 4, 2013;

D. Pretrial Conference: January 6, 2014;

E. Trial: February 3, 2014.

In meet-and-confer dated June 12, 2013, the parties agreed to extend the deadline for designation of expert witnesses from July 1, 2013 until August 1, 2013.

## XVIII. TRIAL

The case will be tried to a jury. A five-day trial is estimated.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Neither party has filed a "Certification of Interested Entities or Persons."

## XX. OTHER MATTERS

The parties do not propose any other matters to facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: July 3, 2013          LOW, BALL & LYNCH

By_____/s/ Kevin Allen _____
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
SAN FRANCISCO BAY AREA RAPID
TRANSIT DISTRICT AND BART DEPUTY
POLICE CHIEF DAN HARTWIG

///

Dated: July 3, 2013  SIEGEL & YEE

By_____/s/ Michael Siegel_____
Michael Siegel
Attorneys for Plaintiff
DAVID MORSE