EXHIBIT G TO
ALLEN DECLARATION

```
 1           UNITED STATES DISTRICT COURT FOR THE

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                         ---oOo---

 4   DAVID MORSE,

 5         Plaintiff,

 6   vs.                                    No. C12-5289 JSC

 7   SAN FRANCISCO BAY AREA RAPID
     TRANSIT DISTRICT (BART); and BART
 8   Deputy Police Chief DAN HARTWIG,
     sued in his official and
 9   individual capacities,

10         Defendants.
                                        /
11

12

13

14

15            DEPOSITION OF MICHAEL D. HAYES

16             (Pages 1 to 45, inclusive)

17

18            Taken before SANDRA M. LEE

19                   CSR No. 9971

20                  October 16, 2013

21

22
                  Aiken Welch Court Reporters
23                One Kaiser Plaza, Suite 505
                  Oakland, California 94612
24              (510) 451-1580/(877) 451-1580
                      Fax: (510) 451-3797
25                    www.aikenwelch.com
```

**Page 10**

1  were on my team, and the assignment I was given was to
2  cite and release individuals that had been arrested
3  during the protest.
4      Q. Did you see Mr. Morse at that time?
5      A. I don't recall seeing Mr. Morse. I don't
6  remember if he was there. I don't remember if he was
7  not there, to be honest with you. It's been two years
8  ago.
9      Q. Do you recall seeing Mr. Morse at any time
10 before today?
11     A. Before today, not in person, no.
12     Q. Do you remember seeing him on documents?
13     A. There was a document that was put out, but I'm
14 fuzzy if his picture was on there or not. I don't
15 remember. If you have a document, maybe that will help
16 refresh my memory.
17     Q. It's Exhibit 4 in your stack here. I'm not
18 sure how neat your stack is.
19         If you can review Exhibit 4, does that refresh
20 your recollection regarding whether you have seen Mr.
21 Morse before today?
22     A. This is the document that I remember seeing his
23 picture prior to today.
24     Q. How did you receive that document?
25     A. You know, I don't remember. I don't remember

**Page 11**

1  how this document was presented to me.
2      Q. On the day in question, September 8th, 2011,
3  did you attend a briefing regarding the planned protest?
4      A. No.
5      Q. Did you receive this document via e-mail?
6      A. I don't remember if I did; I don't remember if
7  I didn't. I could go back and look at my e-mails, the
8  e-mail history, but I just don't know.
9      Q. If you could look at Exhibit 21. This is my
10 stack. Your stack is over here.
11     A. Okay. Is this the one from...?
12     Q. (Attorney indicating.)
13         I can represent to you Exhibit 21 was an e-mail
14 sent by Officer Ken Dam. I believe if you look on the
15 cc's of this document, the fourth line from the bottom,
16 you'll see your name.
17     A. Uh-huh. I do see it.
18     Q. Does that refresh your recollection about how
19 you might have received Exhibit 4?
20     A. Yes.
21     Q. How would you describe Exhibit 4; what kind of
22 document is it?
23     A. We're talking about this?
24     Q. Yes.
25     A. I would describe it as an informational sheet.

**Page 12**

1      Q. What information does it give you?
2      A. It's listing Mr. Cantor as an individual, the
3  leader of the group No Justice No BART, and it
4  identifies Indybay reporter calls himself Dave.
5      Q. Id?
6      A. It's Id? I don't want to be disrespectful.
7  Unknown true name.
8      Q. Does this document remind you of a BOLO?
9      A. Again, I don't recall seeing a BOLO.
10     Q. You know what a BOLO is?
11     A. Yes, I do.
12     Q. Does this document appear similar to a BOLO?
13     A. Well, a BOLO generally has -- BOLO stands for
14 be on the look out for. Generally it has information on
15 it that would lead to the individual's arrest or
16 information of a crime or something of that nature.
17         This particular -- just from reviewing this
18 particular sheet, I don't see anything here other
19 than identifying Mr. Cantor as a leader of the group
20 and Dave Id as an Indybay reporter. I don't see any
21 arrest information on here. I don't see any probable
22 cause to arrest. I don't see anything of that
23 nature, so I wouldn't classify this as a BOLO, in my
24 experience.
25     Q. Have you seen any documents like this one in

**Page 13**

1  your experience?
2      A. I have.
3      Q. Have you ever acted as a police officer during
4  a protest?
5         MR. ALLEN: Prior to or since the incident?
6  BY MR. SIEGEL:
7      Q. At any time.
8      A. Not a protest. When I worked for Alameda
9  County Sheriff's Department, I was involved in a riot,
10 but it was not a protest.
11     Q. It wasn't an announced event?
12     A. No.
13     Q. Where was the riot?
14     A. It was at the Alameda County Fair, July 4th.
15     Q. Do you recall that IA interviewed you in
16 regards to a complaint filed by David Morse?
17     A. I don't recall them ID'ing me regarding a
18 complaint by David Morse. I know there was a complaint
19 made, but I don't believe the complaint was identified
20 as David Morse.
21     Q. You spoke to IA in regards to Hannah Brown?
22     A. The name sounds familiar. However, if you have
23 something with her name on it, I could be totally
24 assured that is correct. However, I know there is a
25 female that made a complaint against me.

```
                                                           38
 1     Q.  Yes.
 2     A.  -- that individual's actions?
 3     Q.  Yes.
 4     A.  That's who I was referring to.
 5         MR. SIEGEL:  Thank you.  I have no further
 6  questions.
 7         Mr. Allen?
 8         MR. ALLEN:  No questions.
 9         (Whereupon, the deposition was concluded at
10         4:55 p.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                           39
 1                  REPORTER'S CERTIFICATE
 2
 3
 4         I, SANDRA M. LEE, a Shorthand Reporter, State of
 5  California, do hereby certify:
 6         That MICHAEL D. HAYES, in the foregoing
 7  deposition named, was present and by me sworn as a
 8  witness in the above-entitled action at the time and
 9  place therein specified;
10         That said deposition was taken before me at said
11  time and place, and was taken down in shorthand by me, a
12  Certified Shorthand Reporter of the State of California,
13  and was thereafter transcribed into typewriting, and
14  that the foregoing transcript constitutes a full, true
15  and correct report of said deposition and of the
16  proceedings that took place;
17         That before completion of the proceedings,
18  review of the transcript was not requested.
19         IN WITNESS WHEREOF, I have hereunder subscribed
20  my hand this 1st day of November, 2013.
21
22
23
24         _____
            SANDRA M. LEE, CSR NO. 9971
25          State of California
```