DALE L. ALLEN, JR., SBN 145279
KEVIN P. ALLEN, SBN 252290
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111
Telephone:   (415) 981-6630
Facsimile:   (415) 982-1634
Email: dallen@lowball.com
Email: kallen@lowball.com

Attorneys for Defendants
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
AND BART DEPUTY POLICE CHIEF DAN HARTWIG

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>   Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>   Defendants. | Case No. C12-5289 JSC (DMR)<br><br>**DECLARATION OF KENTON W. RAINEY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |

I, KENTON W. RAINEY, declare as follows:

1. I have personal knowledge of the following facts, and could and would testify competently thereto if called upon to do so.

2. I am currently employed by the San Francisco Bay Area Rapid Transit District as the Chief of Police for the San Francisco Bay Area Rapid Transit District Police Department. I have held this position since June 2010. I am a sworn peace officer in the State of California. I have been in law enforcement for approximately 35 years.

3. In August 2011, I contacted Contra Costa District Attorney Mark Peterson. I requested his legal opinion as to what would be necessary for prosecution of Penal Code §§ 185 and 369i(b).

///

-1-
DECLARATION OF KENTON W. RAINEY IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

J:\1752\SF0232\MSJ\Rainey Declaration-MSJ.docx                                                                Case No: C12-5289 JSC (DMR)

4. On August 29, 2011, the Contra Costa District Attorney's Office provided me with a memorandum. Among other things, the memo noted that Section 369i makes it a crime for anyone whose entry, presence, or conduct interrupts or hinders the safe and efficient operations of a rail-line or rail-related facility. The memo specified there are no cases shedding light on what constitutes an interruption in efficient operation of the rail facility. It also explained those few cases that do exist do not discuss civilians on the ticket gates, platforms, etc. A true and correct copy of the memorandum from the Contra Costa District Attorney's Office is attached as Ex. "A".

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my own personal knowledge.

Executed this __16 TH__ day of December, 2013, at __OAKLAND__, California.

_____
KENTON W. RAINEY

# EXHIBIT A



OFFICE OF THE DISTRICT ATTORNEY
CONTRA COSTA COUNTY

*Mark A. Peterson*
DISTRICT ATTORNEY

To: Mark Peterson
From: Feinberg
RE: BART Protestors

---

Penal Code § 185 prohibits the wearing of a mask only when (1) the purpose is to evade/escape discovery during the commission of "any public offense" or (2) the purpose is concealment/flight/escape when already charged with "any public offense." Thus, wearing a mask is not by itself an arrestable offense. There must be an underlying public offense before the wearing of a mask becomes a misdemeanor.

However, Penal Code § 369i(b) makes it a crime for anyone whose entry/presence/conduct interrupts or hinders the safe and efficient operation of a railline or rail-related facility. This provides BART with the authority to arrest anyone for a misdemeanor if they are interfering with the trains *or* the train facility. (BART could then theoretically add on the wearing of the mask as an additional offense.)

There are no cases shedding light on what constitutes an interruption in "efficient operation" of the rail facility. The few cases that do discuss Penal Code § 369i revolve around automobiles parked on the tracks and not civilians on the platform/ticket gates, etc.

Penal Code § 369i(c) specifically notes that it does *not* prohibit picketing in the "immediately adjacent area of the property." Perhaps the cleanest approach would be for BART to recognize an adjacent area where the demonstration may continue. With that in place, the failure to move to that adjacent area would clearly run afoul of Penal Code 369i.

Superior Court Operations
900 Ward Street, Third Floor
P.O. Box 670
Martinez, California 94553

(925) 957-8603
Fax (925) 957-2240