IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>        Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART), et al.,<br><br>        Defendants. | Case No.: 12-cv-5289 JSC<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Now pending before the Court is Plaintiff's administrative motion to file under seal. (Dkt. No. 62.) For the reasons stated below, the motion is DENIED.

**LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v. State Farm Mutual Auto Insurance Comp.*, 331 F.3d 1124, 1134 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records.) The right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598. The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135; *see*, *e.g.*

*Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). "A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City and County of Honoloulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted); *see, e.g.*, *Times Mirror Co.*, 873 F.2d at 1219 (grand jury transcripts and warrant materials in the midst of a pre-indictment investigation not subject to right of public access).

The right of public access to judicial records "applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179. The Ninth Circuit "adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id*. (internal citations and quotation marks omitted). Thus, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id*. at 1178-79. The reasons must "outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1179 (internal quotation marks and citations omitted). Such compelling reasons include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks and citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "conscientiously balance[ ] the competing interests" of the public and those of the party seeking to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. In considering these interests, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

**DISCUSSION**

Plaintiff's motion seeks to seal several exhibits to his opposition to Defendants' motion for summary judgment, yet Plaintiff provides no reason for sealing these exhibits other than that the parties designated the exhibits as confidential under the protective order. A party's bare assertion that

the documents are confidential does not meet the "compelling reasons" standard outlined above. Nor does it meet the requirements of the Local Rules. *See* N.D. Cal. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

Further, while Plaintiff seeks to file some of the exhibits under seal based on Defendants' designation of those documents as confidential, Defendants have not filed a declaration establishing that all the materials are sealable as required by Local Rule 79-5(e)(1).

## CONCLUSION

For the reasons stated above, Plaintiff's administrative motion is DENIED. Pursuant to the Local Rules, Plaintiff shall file an unredacted version of the documents filed under seal no earlier than four days from the date of this Order. *See id.* at 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: February 7, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE