DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:    (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for Defendant
BART DEPUTY POLICE CHIEF DAN HARTWIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>　　　　　Defendants. | Case No.: C12-5289 JSC (DMR)<br><br>**MOTION IN LIMINE # 1**<br><br>**DEFENDANT DEPUTY CHIEF DAN HARTWIG'S MOTION IN LIMINE TO EXCLUDE SPECULATIVE AND HEARSAY EVIDENCE FROM PLAINTIFF DAVID MORSE**<br><br>Hon. Jacqueline Scott Corley<br><br>Date:　September 4, 2014<br>Time:　2:00 p.m.<br>Ctrm:　F, 15th Floor<br><br>Trial:　September 22, 2014 |

**I.　INTRODUCTION**

Defendant DEPUTY CHIEF DAN HARTWIG ("Defendant")[1] hereby moves *in limine* for an order precluding Plaintiff David Morse from offering speculative or hearsay testimony at trial.

///

///

---

[1] Deputy Chief Hartwig is the only defendant remaining in the case. Defendant SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") was dismissed when the Court granted Defendants' summary adjudication as to Plaintiff's state-law false arrest/imprisonment claim (first cause of action) (Docket No. 72). BART was only being sued for that single cause of action (via Government Code § 815.2 -- statutory vicarious liability).

Specifically, Defendant requests an order:

    1.    Admonishing all parties, their counsel, and each party's witnesses not to attempt to introduce the above-described evidence in any form, including not to suggest, comment directly or indirectly on, or refer to the evidence in any way before the jury; and

    2.    Directing all counsel to warn, caution, and instruct, each and every one of the witnesses not to make any reference to such evidence and to follow the same order.

Defendants make this motion pursuant to Federal Rule of Evidence ("F.R.E.") 401, 403, 602, 801 and 802, on the grounds the testimony is irrelevant, unduly prejudicial, speculation and/or hearsay. This motion *in limine* is further made pursuant to the Court's inherent power to manage the course of trials and F.R.E. 103(c). *Luce v. United States*, 469 U.S. 38, 41 (1984). F.R.E. 103(c) dictates that "in jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Further,"[p]reliminary questions concerning the admissibility of evidence shall be determined by the court." F.R.E.104(a).

## II.    RELEVANT FACTS

Plaintiff was deposed on October 15, 2013. During his testimony, he repeatedly made speculative or hearsay statements. He speculated on the motives and actions of BART personnel (e.g. *Morse Dep.* 109:1-25; 110:5-9, attached as Ex. "A" to Allen Declaration). He speculated whether an informational flyer was a BOLO. (*Id.*, at 109:21-25). He repeated statements purportedly made by BART personnel and reporters. (e.g. *Id.*, at 90:17-23; 107:16-108:9). In his Opposition to Defendant's motion for summary judgment/adjudication, Plaintiff relied upon a purported statement from Deputy Chief Fairow about "bonafide" members of the press being released. (Docket No. 65, 13:25-14:2).

This is a non-exhaustive list.

## III.    ARGUMENT

F.R.E. 602 prohibits speculation. F.R.E. 801 and 802 prohibit hearsay. F.R.E. 401 and 403 bar irrelevant and/or unduly prejudicial evidence.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19253.1

Plaintiff's theories as to the motives and actions of BART personnel are wholly speculation. Plaintiff has no personal knowledge as to why officers alleged came and looked at him: he is only guessing. Only the relevant officers themselves can explain why they did what they did.

Plaintiff's repetition of alleged statements from BART personnel and reporters is classic hearsay. He is offering their statements for the truth of the matter asserted: that "X" person actually said "Y." Such assertions are barred.

The alleged statements by BART personnel are not admissible as "party admissions" F.R.E. 801(d)(2)(A). BART is no longer a party to this case. It was dismissed when only the cause of action against it (state-law false imprisonment) was dismissed. The only remaining defendant is Deputy Chief Dan Hartwig. For purposes of a party admission by defendant, only his statements are admissible.

Any alleged statements by BART personnel are also irrelevant and/or unduly prejudicial. This case is about Deputy Chief Dan Hartwig, and whether he arrested Plaintiff because of Plaintiff's speech. If the jury hears hearsay statements by other BART personnel, the risk is the jury will hold Hartwig liable based upon other persons' conduct (rather than his own). This would be improper. Hartwig may only be held liable for First Amendment retaliation if Plaintiff provides evidences "showing that by his actions the defendant deterred or chilled the plaintiff's political speech and such deterrence was a substantial or motivating factor in the defendant's conduct." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916 (9th Cir. 2012) (internal quotations and citations omitted). The elements for retaliatory arrest are personal and individual, not vicarious.

///
///
///
///
///
///
///

IV. **CONCLUSION**

For the foregoing reason, Defendant respectfully requests an order *in limine* precluding Plaintiff from offering speculative or hearsay testimony at trial.

                        Respectfully submitted,

Dated:  August 19, 2014         ALLEN, GLAESSNER,
                                       HAZELWOOD & WERTH, LLP

                        By:  */s/ Kevin P. Allen*
                            DALE L. ALLEN, JR.
                            KEVIN P. ALLEN
                            Attorneys for Defendants
                            BART DEPUTY POLICE CHIEF DAN HARTWIG

```
1  DAN SIEGEL, SBN 56400
   MICHAEL SIEGEL, SBN 269439
2  SIEGEL & YEE
   499 14th Street, Suite 300
3  Oakland, CA  94612
4  Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
5  dansiegel@siegelyee.com
6  michael@siegelyee.com

7  Attorneys for Plaintiff
   DAVID MORSE
8
```

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE, | Case No. C12-5289 JSC |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #1 (RE: "SPECULATIVE AND HEARSAY EVIDENCE")** |
| vs. | |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities, | Pretrial Conference: September 4, 2014<br>Time: 2:00 p.m.<br>Court: F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley |
| Defendants. | Case Filed: October 12, 2012<br>Trial Date: September 22, 2014 |

### I. INTRODUCTION

Defendant Hartwig seeks to exclude "speculative and hearsay evidence" and seeks an order that (1) all parties, counsel, and witnesses be admonished not to introduce such evidence and (2) directing counsel to warn each witness of this same admonishment.

Plaintiff Morse acknowledges the general prohibition on speculative evidence and hearsay evidence for which no exception exists. To the extent that Hartwig seeks a general ban on "party admissions," however, Morse objects. Morse's retaliation claim

---

*Morse v. BART, et al.*, Case No. C12-5289 JSC
Plaintiff's Opposition to Defendant's Motion in Limine #1                              1

1. alleges that Deputy Chief Hartwig has liability as a BART police supervisor because he did not stop a discriminatory course of conduct begun by other BART officials, and because he ordered certain subordinate officers to arrest David Morse in violation of the First Amendment. The statements of BART officials who acted in concert with Hartwig, along with the statements of BART officers who followed Hartwig's orders, may be used as evidence of Hartwig's retaliatory animus.

II.     RELEVANT FACTS

Morse's First Amendment retaliation claim against Deputy Chief Hartwig is built upon the concerted action of multiple BART officials and officers.

Morse's evidence will show that, prior to the September 8, 2011, protest in question, Deputy Chief Benson Fairow and BART intelligence officer Ken Dam commissioned an unusual informational flyer that contained a photograph of David Morse and the statement "true name unknown." (Dkt. No. 64-1, Ex. E (Fairow Depo.), 42:11-43:4; Ex. K (Dam Depo.), 12:17-21; 15:16-20.) Deputy Chief Hartwig was the commanding officer for BART police during the protest in question. (*Id.* at Ex. A (Hartwig Depo.), 26:20.) Hartwig attended a pre-protest meeting with the BART officers who were on duty for the September 8, 2011 protest, and the informational flyer was distributed to all officers on duty. The officers referred to Morse as a "subject," and discussed how they might arrest him. (*Id.* at Ex. C (Coduti Depo.), 20:4-11; Ex. K, 20:20-21, 36:13-19.)

When Morse arrived at the protest, Dam distributed an "intel update" to BART commanding officers. (*Id.*, Ex. K, 40:5-41:2.) After the protest began and continued for approximately fifteen minutes, Hartwig commanded BART officers to encircle the

protest and then ordered BART officer Shane Coduti to arrest Morse. (*Id.*, Ex. C, 37:1-14.)

Hartwig later attempted to justify the arrest by stating that Morse was not a "legitimate" journalist. (*Id.*, Ex. A, 132:7-10.) BART Deputy Chief Benson Fairow made similar comments. (*Id.*, Ex. E, 24:2-10.)

### III. ARGUMENT

Supervisory liability under 42 U.S.C. § 1983 can be imposed if (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Doe v. City of San Diego*, ___ F.Supp.2d ___, 2014 WL 3893045 at *6-7 (S.D. Cal. Mar. 27, 2014).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011); *Doe*, *supra*, at *6. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr*, *supra*, 652 at 1207-08 (9th Cir. 2011); *Doe*, *supra*, at *6.

Here, Deputy Chief Hartwig's motion in limine #1 is overly broad, as it reaches relevant and admissible evidence of Hartwig's liability as a supervisor who failed to prevent the discriminatory course of conduct initiated by others, and who directed or permitted subordinates to continue that course of conduct, resulting in Morse's

unlawful arrest. There is evidence that Hartwig "knowingly refused to terminate" the plan of action set in motion by Deputy Chief Fairow, by which BART police issued an unusual informational flyer that focused all BART police covering the protest on David Morse, a known journalist. At the police officer meeting on the day of the protest, which Hartwig attended, the arrest of Morse was openly discussed. When Hartwig ended the protest later that day, he selected Morse for arrest first, and ordered Officer Coduti to carry out the arrest. Hartwig and Fairow collaborated to justify the arrest after the fact, citing Morse's lack of "legitimate" journalistic status.

Thus, Morse can hold Hartwig liable for failing to stop the plan set in motion by Deputy Chief Fairow and for supporting that plan by ordering Coduti to arrest Morse and by justifying the arrest after the fact. Because the statements of these other officials and officers are directly relevant to Morse's case, and because Hartwig may be held accountable for the actions of others who he controlled or worked in concert with, the motion in limine should be denied.

### IV.   CONCLUSION

Hartwig's motion in limine #1 is overly broad and would exclude admissible and relevant evidence of statements by Hartwig's co-conspirators. Therefore the motion should be denied.

Dated: August 25, 2014              SIEGEL & YEE

                                    By: /s/ Michael Siegel
                                            Michael Siegel

                                    Attorneys for Plaintiff
                                    DAVID MORSE