DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendant
BART DEPUTY POLICE CHIEF DAN HARTWIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>        Plaintiff,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>        Defendants. | Case No.: C12-5289 JSC (DMR)<br><br>**MOTION IN LIMINE # 2**<br><br>**DEFENDANT DEPUTY CHIEF DAN HARTWIG'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO BART REPORTS OR POLICIES AND PROCEDURES**<br><br>Hon. Jacqueline Scott Corley<br><br>Date: September 4, 2014<br>Time: 2:00 p.m.<br>Ctrm: F, 15th Floor<br><br>Trial: September 22, 2014 |

**I.　INTRODUCTION**

Defendant DEPUTY CHIEF DAN HARTWIG ("Defendant")[1] hereby moves in *limine* for an order barring Plaintiff from eliciting testimony or introducing evidence that relates to BART policies not followed and/or officers' actions out of compliance with policy or operation order. This evidence is irrelevant and prejudicial as BART is not a party in this case nor does Plaintiff

---

[1] Deputy Chief Hartwig is the only defendant remaining in the case. Defendant SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") was dismissed when the Court granted Defendants' summary adjudication as to Plaintiff's state-law false arrest/imprisonment claim (first cause of action) (Docket No. 72). BART was only being sued for that single cause of action (via Government Code § 815.2 -- statutory vicarious liability).

currently have a *Monell* claim before the Court.

## II.  RELEVANT FACTS

Plaintiff has attempted to investigate BART policies and best practices during discovery. At BART Police Chief Kenton Rainey's ("Chief Rainey") deposition, Plaintiff asked the Chief to discuss the Noble Report (a report which made general recommendations regarding improving BART operations), drawing relevance objections from Defendant. (*Rainey Dep.* 6:7-9:2; 9:5-10:1; 10:24-11:10, attached as Ex. "B" to Declaration of Kevin P. Allen).

In addition, Plaintiff has used the depositions of BART officers to delve into whether officers on-scene during the September 8, 2011 protest were following BART procedures. Plaintiff asked Chief Rainey to discuss whether BART officers followed BART procedures for establishing a safe zone for the media prior to the protest. (*Id.*, at 35:25-37:17). Similarly, Plaintiff questioned Commander Benson Fairow extensively regarding BART departmental policy. (e.g. *Fairow Dep.* 23:3-21; 26:8-27:23; 36:13-37:15, attached as Ex. "C" to Allen).

Finally, Plaintiff introduced at deposition the Internal Affairs report generated from the protest to examine BART personnel including, but not limited to, the Defendant, Chief Rainey, Lieutenant Hayes, as well as Officers Dam and Coduti (e.g. *Hartwig Dep.* 114:17-24, attached as Ex. "D" to Allen; *Rainey Dep.* 10:3-23, 29:18-30:9; *Hayes Dep.* 8:5-12, 13:15-14:12, attached as Ex. "E" to Allen; *Dam Dep.* 22:25-24:21, attached as Ex. "F" to Allen; *Coduti Dep.* 16:8-17:18, 39:5-43:17, attached as Ex. "G" to Allen).

Following Defendants' motion for summary judgment/summary adjudication, the only claim that remains is Plaintiff's 42 U.S.C. § 1983 cause of action against Defendant for violation of his First Amendment rights with retaliatory motive. See Docket No. 165. BART is not a Defendant, nor does Plaintiff have a *Monell* claim in this case.

## III.  LEGAL ANALYSIS

To establish a claim of retaliation in violation of the First Amendment, a plaintiff must demonstrate that the officer's conduct "would chill a person of ordinary firmness from future First Amendment activity." *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013) (quoting *Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1235 (9th Cir. 2006)). In addition, the evidence

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19263.1

must enable a plaintiff ultimately to prove that the officer's desire to chill his speech was a "but-for" cause of the officer's allegedly unlawful conduct. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916–17 (9th Cir. 2012) (en banc). General BART policies and procedures, as well as the Internal Audit report, will not assist Plaintiff in proving his retaliation claim.

Federal Rule of Evidence (F.R.E.) 401 holds evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.

F.R.E. 402 states relevant evidence is admissible, but irrelevant evidence is not. BART policies and procedures, as well as the IA report itself, are irrelevant because BART is not a party to this case nor does Plaintiff have a *Monell* claim. Plaintiff's retaliation case centers on whether he can prove that Deputy Chief Hartwig retaliated against him -- not on the contents of BART's policies and procedures or reports generated about particular incidents. The only reason to make this case about BART policies and reports would be to broaden the scope of the narrow issue of whether Defendant arrested Plaintiff based on a retaliatory motive.

F.R.E. 403 states the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. The evidence Plaintiff has gathered relating to BART policies procedures, as well as reports prepared assessing BART policies, would amount to litigating the merits of a claim against BART (not Deputy Chief Hartwig). No claims against BART are before the Court. The result is wasting the time of the jury and misleading and confusing the jury on an issue that is unrelated to the underlying allegations of a retaliatory arrest.

With respect to the interviews portion of the IA report, Defendant does not object to the theoretical use of the interview transcripts as potential impeachment evidence. Defendant only requests that -- if they are used are impeachment – the purported impeachment statement just be read into the record (without reference to the source of the material). If reference must be made, Defendant requests a neutral statement (e.g. "Do you recall a previous statement you made, where you said …").

## IV. CONCLUSION

The court is requested to exclude reference to the Noble Report; the Internal Affairs Report; whether BART policies were/were not followed; and whether officers' actions out of compliance with policy or operation order.

Respectfully submitted,

Dated: August 19, 2014

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
BART DEPUTY POLICE CHIEF DAN HARTWIG

```
DAN SIEGEL, SBN 56400
MICHAEL SIEGEL, SBN 269439
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA  94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
dansiegel@siegelyee.com
michael@siegelyee.com

Attorneys for Plaintiff
DAVID MORSE
```

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>　　　　Defendants. | Case No. C12-5289 JSC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #2 (RE: "REFERENCE TO BART REPORTS OR POLICIES OR PROCEDURES")**<br><br>Pretrial Conference: September 4, 2014<br>Time: 2:00 p.m.<br>Court: F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley<br><br>Case Filed: October 12, 2012<br>Trial Date: September 22, 2014 |

## I.    INTRODUCTION

Defendant Hartwig seeks to exclude "reference to BART reports or policies or procedures" in general, and specifically, seeks an order excluding "reference to the Noble Report; the Internal Affairs Report; whether BART policies were/were not followed; and whether officers' actions of compliance with policy or operation order."

---

*Morse v. BART, et al.,* Case No. C12-5289 JSC
Plaintiff's Opposition to Defendant's Motion in Limine #2　　　　　　　　　　1

Hartwig argues that, because Morse does not make a *Monell* claim, the evidence is irrelevant.

Hartwig's motion in limine #2 should be denied, however, because evidence that BART officers deviated from relevant policies may be introduced as evidence of retaliatory animus.

## II.     RELEVANT FACTS

Morse will present evidence that BART failed to comply with multiple policies and practices when they arrested him, including a policy that requires the cite-and-release of individuals cited for an infraction.

For example, BART policy permits police to cite and release people who are cited for an infraction, and BART police did cite and release some arrested protestors on September 8, 2011. (Dkt. 64-1, Ex. A (Hartwig Depo.), 73:17-19, 143:6-12; Ex. C (Coduti Depo.), 53:4-54:3.) Defendant Hartwig himself, despite his years of experience, could not recall any previous instance in which an individual who was cited for an infraction was taken to jail. (*Id*., Ex. A, 73:20-22.) Yet on the day in question, Morse was cited for an infraction, and was subjected to custodial arrest. (*Id*., Ex. C, 53:4-54:3.)

## III.    ARGUMENT

A section 1983 First Amendment plaintiff may present evidence of the defendant's failure to follow standard procedures as evidence of retaliatory animus. *See Allen v. Iranon*, 283 F.3d 1070 (9th Cir. 2002) 283 F.3d 1070 (looking at a § 1983 First Amendment retaliation claim in the employment context).

Here, Morse will present evidence that Deputy Chief Hartwig and other BART officers departed from established policies and procedures. In particular, the officers' failure to follow BART's cite and release policy led to Morse spending several hours in

custody. Because evidence such as the failure to abide by the cite-and-release practices and policies is relevant to show retaliatory intent, motion in limine #2 should be denied.

## IV. CONCLUSION

Hartwig's motion in limine #2 would exclude relevant evidence that Deputy Chief Hartwig and other BART officers violated certain policies and procedures. Because this evidence is relevant to show retaliatory intent, the motion should be denied.

Dated: August 25, 2014                    SIEGEL & YEE

                                                            By: /s/ Michael Siegel
                                                                 Michael Siegel

                                                            Attorneys for Plaintiff
                                                            DAVID MORSE