DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendant
BART DEPUTY POLICE CHIEF DAN HARTWIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>Defendants. | Case No.: C12-5289 JSC (DMR)<br><br>**MOTION IN LIMINE # 3**<br><br>**DEFENDANT DEPUTY CHIEF DAN HARTWIG'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE RELATING TO PROBABLE CAUSE FOR PLAINTIFF'S ARREST**<br><br>Hon. Jacqueline Scott Corley<br><br>Date: September 4, 2014<br>Time: 2:00 p.m.<br>Ctrm: F, 15th Floor<br><br>Trial: September 22, 2014 |

## I. INTRODUCTION

Defendant DEPUTY CHIEF DAN HARTWIG ("Defendant")[1] hereby moves in *limine* for an order precluding Plaintiff from offering testimony or evidence stating or inferring that his arrest was illegal, unlawful or otherwise unjustified. The Court has ruled that Defendant had probable cause to arrest Plaintiff and discussion of this issue during trial is irrelevant and lacks

---

[1] Deputy Chief Hartwig is the only defendant remaining in the case. Defendant SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") was dismissed when the Court granted Defendants' summary adjudication as to Plaintiff's state-law false arrest/imprisonment claim (first cause of action) (Docket No. 72). BART was only being sued for that single cause of action (via Government Code § 815.2 -- statutory vicarious liability).

probative value.

## II. RELEVANT FACTS

During discovery Plaintiff questioned BART officials whether Defendant had probable cause to arrest of Plaintiff. Lieutenant Michael Hayes (who reviewed the police report prepared by Officer Coduti regarding the incident) testified, in part, that he did not "feel to my standard there were enough details in this report for me to sign off on arrest for 369i." (*Michael Hayes Dep.* 28:9-29:15, attached as Ex. "E" to Allen). In addition, Plaintiff himself testified at deposition that he believed his arrest was illegal (e.g. *Morse Dep.* 104:10-14, attached as Ex. "A" to Allen).

In Plaintiff's Opposition to Defendant's Motion for Summary Judgment, he argued at length that Defendant lacked probable cause to arrest him. (Docket No. 65).

In its Order Granting In Part and Denying in Part Defendant's Motion for Summary Judgment, the Court ruled that Defendant had probable cause to arrest Plaintiff for violation of Cal. Pen. Code §369(i) during the September 8, 2011 protest. (Docket No. 72, 22:16-24:5). The only claim that survived summary judgment is Plaintiff's 42 U.S.C. § 1983 cause of action for violation of his First Amendment rights with retaliatory motive (Docket No. 72).

## III. LEGAL ANALYSIS

To establish a claim of retaliation in violation of the First Amendment, a plaintiff must demonstrate that the officer's conduct "would chill a person of ordinary firmness from future First Amendment activity." *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013) (quoting *Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1235 (9th Cir. 2006)). In addition, the evidence must enable a plaintiff ultimately to prove that the officer's desire to chill his speech was a but-for cause of the officer's allegedly unlawful conduct. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916–17 (9th Cir. 2012) (en banc). Whether Defendant had probable cause to arrest Plaintiff is immaterial to Plaintiff's only remaining claim.

Federal Rule of Evidence (F.R.E.) 401 holds evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.

19264.1

F.R.E. 402 states relevant evidence is admissible, but irrelevant evidence is not. This Court has ruled Defendant had probable cause to arrest Plaintiff. Evidence that BART officials believed that Officer Coduti's report should have contained more factual basis and/or that Plaintiff believed that his arrest was unlawful are completely irrelevant to the sole remaining issue of whether Plaintiff's arrest was retaliatory.

F.R.E 403 states the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Any testimony proffered by Plaintiff that somehow his arrest by Defendant was unlawful would create a real danger that the jury would be confused about the issues of fact in this case. If Plaintiff is allowed to re-litigate the legality of his arrest, the result is wasting the time of the jury and misleading and confusing the jury on an issue that is unrelated to the underlying allegations of retaliatory arrest. It should be barred.

## IV. CONCLUSION

The court is requested to bar evidence and testimony alleging that Plaintiff's arrest was illegal, unlawful, or otherwise unjustified.

Dated: August 19, 2014

Respectfully submitted,

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
BART DEPUTY POLICE CHIEF DAN HARTWIG

DAN SIEGEL, SBN 56400
MICHAEL SIEGEL, SBN 269439
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA  94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
dansiegel@siegelyee.com
michael@siegelyee.com

Attorneys for Plaintiff
DAVID MORSE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>         Plaintiff,<br><br>    vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>         Defendants. | Case No. C12-5289 JSC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #3 (RE: "EVIDENCE RELATING TO PROBABLE CAUSE FOR PLAINTIFF'S ARREST")**<br><br>Pretrial Conference: September 4, 2014<br>Time: 2:00 p.m.<br>Court: F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley<br><br>Case Filed: October 12, 2012<br>Trial Date: September 22, 2014 |

I.      INTRODUCTION

Defendant Hartwig seeks to exclude "evidence relating to probable cause for plaintiff's arrest" in general, and specifically, seeks an order to "bar evidence and testimony alleging that Plaintiff's arrest was illegal, unlawful, or otherwise unjustified." Hartwig notes that "probable cause" is no longer a central issue in the case because Morse's claims for wrongful arrest and violation of the 4th Amendment were dismissed.

Hartwig's motion in limine #3 should be denied as overly broad, however, because some "evidence relating to probable cause" is also evidence demonstrating that Morse acted in a manner substantially similar to other journalists who covered the protest but were not subject to arrest.

## II.     RELEVANT FACTS

Morse will present evidence that, during the protest of September 8, 2011, he acted only as a journalist. (Dkt. No. 63 ¶ 37.) Like over a dozen other journalists, he stayed with the central group of protestors for the entire fifteen minute protest. (*Id.* at ¶¶ 44. 63; *see also* Dkt. 64-1, Ex. C (Coduti Depo.), 44:7-10, 51:6-14, 55:11-13, 65:5-8.) Like many other journalists, Morse was inadvertently trapped in a police encirclement when Deputy Hartwig decided to end the protest. Unlike the other journalists, however, Morse was selected for arrest.

At the time of his arrest, Morse was holding a camera and wearing a press pass. Other journalists—and even journalism students—were permitted to leave the police encirclement, even though some did not have press passes. (Dkt. No. 64-1, Ex. E (Fairow Depo.), 24:2-20.) Hartwig later asserted that no "legitimate" members of the press were arrested. (Dkt. No. 64-1, Ex. A (Hartwig Depo.), 132:11-13.)

## III.     ARGUMENT

Retaliatory motive is a question of fact, and can be inferred from a number of signs, including unjustifiably and uncommonly harsh treatment. *Beck v. City of Upland*, 527 F.3d 853, 868 (9th Cir. 2008).

Here, Morse will present evidence that he was subjected to "unjustifiably and uncommonly harsh treatment," as compared to other, similarly situated journalists, because Morse was arrested and the others were released without charge.

1  Morse's burden is to show that the decision to arrest him was "substantially motivated" by his First Amendment protected activities. Defendant Hartwig alleges that Morse was "chanting," "marching," and "blocking fare gates." (Dkt. 64-1, Ex. A, 105:14-106:5.) Morse will need to show evidence that other journalists were behaving identically, and were not subject to arrest, in order to show that Hartwig's explanation is mere pretext. To the extent that Morse's evidence of disparate treatment is also "relevant to probable cause," Hartwig's motion in limine #3 is overbroad, and should be denied.

**CONCLUSION**

Hartwig's motion in limine #3 would exclude relevant evidence that BART subjected David Morse to uncommonly harsh treatment, as compared to other, similarly-situated journalists. Because this evidence is relevant to show retaliatory intent, the motion should be denied.

Dated: August 25, 2014                    SIEGEL & YEE

                                          By: /s/ Michael Siegel
                                                  Michael Siegel

                                          Attorneys for Plaintiff
                                          DAVID MORSE