DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendant
BART DEPUTY POLICE CHIEF DAN HARTWIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>  Defendants. | Case No.: C12-5289 JSC (DMR)<br><br>**MOTION IN LIMINE # 4**<br><br>**DEFENDANT DEPUTY CHIEF DAN HARTWIG'S MOTION IN LIMINE TO EXCLUDE MATTERS OUTSIDE DEPUTY CHIEF HARTWIG'S PERSONAL KNOWLEDGE**<br><br>Hon. Jacqueline Scott Corley<br><br>Date: September 4, 2014<br>Time: 2:00 p.m.<br>Ctrm: F, 15th Floor<br><br>Trial: September 22, 2014 |

**I.  INTRODUCTION**

Defendant DEPUTY CHIEF DAN HARTWIG ("Defendant")[1] hereby moves *in limine* for an order precluding Plaintiff David Morse from offering into evidence matters outside of Defendant's personal knowledge.

---

[1] Deputy Chief Hartwig is the only defendant remaining in the case. Defendant SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") was dismissed when the Court granted Defendants' summary adjudication as to Plaintiff's state-law false arrest/imprisonment claim (first cause of action) (Docket No. 72). BART was only being sued for that single cause of action (via Government Code § 815.2 -- statutory vicarious liability).

Specifically, Defendant requests an order:

1. Admonishing all parties, their counsel, and each party's witnesses not to attempt to introduce the above-described evidence in any form, including not to suggest, comment directly or indirectly on, or refer to the evidence in any way before the jury; and

2. Directing all counsel to warn, caution, and instruct, each and every one of the witnesses not to make any reference to such evidence and to follow the same order.

Defendants make this motion pursuant to Federal Rule of Evidence ("F.R.E.") 401, 402, and 403, and 602, on the grounds the evidence is are irrelevant, unduly prejudicial, and/or speculation. This motion *in limine* is further made pursuant to the Court's inherent power to manage the course of trials and F.R.E. 103(c). *Luce v. United States*, 469 U.S. 38, 41 (1984). F.R.E. 103(c) dictates that "in jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Further,"[p]reliminary questions concerning the admissibility of evidence shall be determined by the court." F.R.E.104(a).

## II. RELEVANT FACTS

In his Opposition to Defendant's motion for summary judgment/adjudication, Plaintiff relied upon a BART police meeting that occurred prior to the September 8th protest. He argued that Deputy Chief Hartwig was at this meeting, that the meeting discussed arresting Plaintiff, and that a flyer was passed around depicting Plaintiff and Christopher Cantor. (Docket No. 65, 21:11-19). He argued that these things showed retaliatory arrest. (*Id.*, at 21:11-22:18).

Deputy Chief Hartwig testified he was not at the pre-protest meeting and did not review the flyer prior to the incident. (*Hartwig Dep.* 57:3-15; 116:6-21, attached as Ex. "D" to Allen). Contrary to Plaintiff's assertion in his Opposition to Defendant's motion for summary judgment/adjudication, Officer Dam never stated Defendant was at the pre-protest meeting. (Docket No. 65, 21:18-19). Dam was referencing Deputy Chief Fairow. (*Dam Dep.* 15:16-17:18, attached as Ex. "F" to Allen). He referenced that "the deputy chief" could have led the briefing, after specifically naming Deputy Chief Fairow some lines beforehand (*Id.*) Dam never referenced

Deputy Chief Hartwig once in his deposition. (*Id.*)

Contrary to Plaintiff's Opposition, Officer Coduti never definitively testified that Defendant was at the pre-protest meeting. Rather, he testified "[i]f I recall correctly, Deputy Chief Hartwig was there." (*Coduti Dep.* 20:8-11, attached as Ex. "G" to Allen). Coduti gave a qualified statement.

Plaintiff has referred to the flyer as a BOLO. (*Morse Dep.* 109:21-25, attached as Ex. "A" to Allen). When deposing BART personnel, Plaintiff's counsel repeatedly referred to the flyer as a BOLO (e.g. *Coduti Dep.* 28:19-29:6; *Dam Dep.* 12:22-13:20; *Fairow Dep.* 39:17-40:8, attached as Ex. "C" to Allen; *Hartwig Dep.* 63:1-64:25; *Michael Hayes Dep.* 11:21-12:24, attached as Ex. "E" to Allen; and *Rainey Dep.* 19:4-20:24, attached as Ex. "B" to Allen). All personnel responded it was **not** a BOLO. (*Id.*)

## III. <u>ARGUMENT</u>

### A. <u>Evidence Outside Personal Knowledge is Irrelevant and Unduly Prejudicial</u>

F.R.E. 401, 402 and 403 bars irrelevant and unduly prejudicial evidence. Evidence that would cause unfair prejudice is defined as "an undue tendency to suggest decision on improper basis, commonly, though not necessarily, an emotional one." 2 Moore's Federal Rules Pamphlet § 403.4 (Matthew Bender).

The lone cause of action remaining against Deputy Chief Hartwig is First Amendment retaliation. To prove this claim, Plaintiff must produce evidence and meet his burden of proof that "by his actions the defendant deterred or chilled the plaintiff's political speech and such deterrence was a substantial or motivating factor in the defendant's conduct." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916 (9th Cir. 2012) (internal quotations and citations omitted).

In determining whether or not Deputy Chief Hartwig arrested Plaintiff because of his speech, Plaintiff should be limited to the matters/information/evidence within Hartwig's personal knowledge before Plaintiff's arrest. The reason for this limitation is plain. This lawsuit is about why Hartwig did what he did. Logically, his actions (and the reasons for those actions) can only be based upon the knowledge Hartwig possessed leading up to, and including, the incident. It is impossible for unknown information to inform Plaintiff's arrest. Accordingly, such information is

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19265.1

irrelevant.

Admitting into evidence information that was unknown to Deputy Chief Hartwig is substantially prejudicial. The prejudice is that the jury will improperly take this unknown information, attribute it to Hartwig, and use that to find that Hartwig arrested Plaintiff for his speech.

The information about the flyer and arresting Morse should be excluded because they were not within Hartwig's personal knowledge. He testified: (1) to not attending the pre-protest meeting (where possible arrest was allegedly discussed and where the flyer was hand-out); and (2) to not reading the email with the flyer attachment until after the incident. The testimony of Officer Dam is not to the contrary, as Dam was referencing Deputy Chief Fairow at the meeting. The testimony of Officer Coduti is uncertain, as he gave a qualified answer whether or not Hartwig was there.

### B. In the Alternative, Evidentiary Hearing Requested

To the extent the Court relies upon the Dam and/or Coduti deposition testimony and is inclined to admit the pre-protest meeting (including the flyer and the possible arrest of Plaintiff) on the basis it was within Hartwig's personal knowledge, Defendant requests an evidentiary hearing outside the presence of the jury. The hearing would be for the limited purpose of examining Officers Dam and Coduti as to whether Deputy Chief Hartwig was at the pre-protest meeting.

### C. The Informational Flyer May Not Be Referenced as a BOLO

Assuming, *arguendo*, the information flyer is admitted into evidence, Plaintiff should be prohibited from calling it a BOLO. The undisputed evidence is that it was an informational flyer. Plaintiff has no police practices expert to assert otherwise. Allowing Plaintiff to call the flyer a BOLO would be speculation and unduly prejudicial. The risk in presenting an unsubstantiated, loaded term to the jury is that they would take Plaintiff's rank speculation as fact and improperly believe Deputy Chief Hartwig (and BART in general) had some untoward motive toward Plaintiff.

19265.1

## IV. CONCLUSION

For the foregoing reason, Defendant respectfully requests an order *in limine* precluding Plaintiff from offering into evidence matters outside of Defendant's personal knowledge.

Respectfully submitted,

Dated: August 19, 2014

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
BART DEPUTY POLICE CHIEF DAN HARTWIG

DAN SIEGEL, SBN 56400
MICHAEL SIEGEL, SBN 269439
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA  94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
dansiegel@siegelyee.com
michael@siegelyee.com

Attorneys for Plaintiff
DAVID MORSE

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>　　　　　　Defendants. | Case No. C12-5289 JSC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #4 (RE: "MATTERS OUTSIDE DEPUTY CHIEF HARTWIG'S PERSONAL KNOWLEDGE")**<br><br>Pretrial Conference: September 4, 2014<br>Time: 2:00 p.m.<br>Court: F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley<br><br>Case Filed: October 12, 2012<br>Trial Date: September 22, 2014 |

**I.     INTRODUCTION**

　　Defendant Hartwig seeks to exclude "matters outside Deputy Chief Hartwig's personal knowledge" in general, and specifically, seeks an order that (1) all parties, counsel, and witnesses be admonished not to introduce such evidence and (2) directing counsel to warn each witness of this same admonishment.

---

Plaintiff Morse opposes Hartwig's motion in limine #4, as it would exclude relevant and probative evidence of Deputy Chief Hartwig's liability as a BART police supervisor, based upon his failure to stop a discriminatory course of action begun by other BART officials, and based upon his commands to arrest Morse and release other similarly situated journalists.

## II.     RELEVANT FACTS

Morse's First Amendment retaliation claim against Deputy Chief Hartwig derives from the concerted action of several BART officials and officers.

Morse's evidence will show that, prior to the September 8, 2011, protest in question, BART Deputy Police Chief Benson Fairow and BART intelligence officer Ken Dam created an unusual "informational flyer" that contained a photograph of David Morse and the statement "unknown true name." (Dkt. No. 64-1, Ex. E (Fairow Depo.), 42:11-43:4; Ex. K (Dam Depo.), 12:17-21; 15:16-20.) Deputy Chief Hartwig was the commanding officer for BART police during the protest in question. (*Id.* at Ex. A (Hartwig Depo.), 26:20.) Hartwig attended a pre-protest meeting with BART officers who were on duty for the September 8, 2011 protest, where the informational flyer was distributed to officers on duty. During discussion, BART police officers referred to Morse as a "subject," and discussed how they might arrest him. (*Id.* at Ex. C (Coduti Depo.), 20:4-11; Ex. K, 20:20-21, 36:13-19.)

When Morse arrived at the protest, Dam distributed an "intel update" to BART commanding officers. (*Id.*, Ex. K, 40:5-41:2.) After the protest began and continued for approximately fifteen minutes, Hartwig commanded BART officers to encircle the protest and then ordered BART officer Shane Coduti to arrest Morse. (*Id.*, Ex. C, 37:1-14.) Hartwig later attempted to justify the arrest by stating that Morse was not a

"legitimate" journalist. (*Id.*, Ex. A, 132:7-10.) BART Deputy Chief Benson Fairow made similar comments. (*Id.*, Ex. E, 24:2-10.)

### III.   ARGUMENT

Supervisory liability under 42 U.S.C. § 1983 can be imposed if (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Doe v. City of San Diego*, ___ F.Supp.2d ___, 2014 WL 3893045 at *6-7 (S.D. Cal. Mar. 27, 2014).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011); *Doe*, *supra*, at *6. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr*, *supra*, 652 at 1207-08 (9th Cir. 2011); *Doe*, *supra*, at *6.

Here, Deputy Chief Hartwig's motion in limine #4 is overly broad, as it reaches relevant and admissible evidence of Hartwig's liability as a supervisor who failed to prevent the discriminatory course of conduct initiated by others, and who directed or permitted subordinates to continue that course of conduct, resulting in Morse's unlawful arrest. There is evidence that Hartwig "knowingly refused to terminate" the plan of action set in motion by Deputy Chief Fairow, by which BART police issued an unusual informational flyer that focused all BART police covering the September 8, 2011

protest on David Morse, a known journalist. At the police officer meeting on the day of the protest, which Hartwig attended, the arrest of Morse was openly discussed. When Hartwig ended the protest later that day, he selected Morse for arrest first, and ordered Officer Coduti to carry out the arrest. Hartwig and Fairow collaborated to justify the arrest after the fact, citing Morse's lack of "legitimate" journalistic status.

Thus, Morse can hold Hartwig liable for failing to stop the plan set in motion by Deputy Chief Fairow and for supporting that plan by ordering Coduti to arrest Morse and by justifying the arrest after the fact. Because the personal knowledge of Hartwig's co-conspirators is directly relevant to Morse's case, and because Hartwig may be held accountable for the actions of others who he controlled or worked in concert with, the motion in limine should be denied.

### IV.   CONCLUSION

Hartwig's motion in limine #4 is overly broad and would exclude admissible and relevant evidence regarding the personal knowledge of BART officials and officers who worked in concert with Hartwig or who acted at his direction. Therefore the motion should be denied.

Dated: August 25, 2014                    SIEGEL & YEE

                                          By: /s/ Michael Siegel
                                                  Michael Siegel

                                          Attorneys for Plaintiff
                                          DAVID MORSE