DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendants
BART DEPUTY POLICE CHIEF DAN HARTWIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>　　　　　Defendants. | Case No.: C12-5289 JSC (DMR)<br><br>**MOTION IN LIMINE # 5**<br><br>**DEFENDANT DEPUTY CHIEF DAN HARTWIG'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO OTHER LAWSUITS OR ALLEGED BART-RELATED USE OF FORCE INCIDENTS**<br><br>Hon. Jacqueline Scott Corley<br><br>Date:　September 4, 2014<br>Time:　2:00 p.m.<br>Ctrm:　F, 15th Floor<br><br>Trial:　September 22, 2014 |

I.　**INTRODUCTION**

Defendant DEPUTY CHIEF DAN HARTWIG ("Defendant")[1] hereby moves *in limine* in *limine* for an order precluding Plaintiff from referring to *Morse v. Regents of the University, California, Berkeley. et al. (*Case No. 4:10-cv-05594*); Crawford et al v. City of Oakland et. al.*

---

[1] Deputy Chief Hartwig is the only defendant remaining in the case. Defendant SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") was dismissed when the Court granted Defendants' summary adjudication as to Plaintiff's state-law false arrest/imprisonment claim (first cause of action) (Docket No. 72). BART was only being sued for that single cause of action (via Government Code § 815.2 -- statutory vicarious liability).

*(*Case No. 3:14-cv-3003*); Hill v. BART, et al* (Case No. 4:12-cv-00372), or the shooting that was the basis of the *Hill* lawsuit. All are irrelevant Plaintiff's retaliatory arrest claim, would also confuse the jury, and pose undue prejudice to Defendant.

If the Hill shooting is admissible, Defendant requests that Plaintiff be barred from calling it an illegal, unlawful, or otherwise unjustified shooting. The shooting has been found to be a lawful, reasonable use-of-force as a matter of law. Any assertion to the contrary is false and unduly prejudicial.

## II.  RELEVANT FACTS

Plaintiff is currently also a plaintiff in *Crawford et al v. City of Oakland et. al.* ("*Crawford* matter"), Case No. 3:14-cv-3003, in which he alleges that Oakland police officers violated his constitutional rights when he was on his way home from a protest. Plaintiff also previously filed a lawsuit captioned, *Morse v. Regents of the University, California, Berkeley. et al.*("*UC* matter"), Case No. 4:10-cv-05594 (since settled) in which he alleged that he had been unlawfully arrested while taking photographs during a protest. Plaintiff's Opposition to Defendant's motion for summary judgment/adjudication references the Hill shooting, purporting it to be unjustified. (Docket No.65, 9:3-10). The Hill shooting led to a lawsuit -- *Hill v. BART, et al.*, Case No. 4:12-cv-00372 -- in which all defendants prevailed at summary judgment. *Hill v. Bay Area Rapid Transit Dist.*, C-12-00372 DMR, 2013 WL 5272957 (N.D. Cal. Sept. 18, 2013). The Court found:

> Essentially, in this case, the court must determine whether it is reasonable for a police officer responding to a report of a minor disturbance to shoot an individual after he threw a glass bottle in the direction of the officer, retreated, then pulled a knife and reversed course towards the officer, winding up to throw the knife and coming within fifteen feet of the officer—all of which happened in a matter of seconds. The reasonableness must be judged from the perspective of an officer at the scene, and a reasonable officer in that situation could believe that he was in danger of being hit by a knife thrown seconds after having had a bottle thrown at him. Given that the Ninth Circuit has explicitly stated that an officer is justified using deadly force when threatened with a knife, see *Smith*, 394 F.3d at 704, the undisputed evidence, viewed in the light most favorable to Plaintiffs, shows that Crowell's use of deadly force was objectively reasonable at the moment that he shot Hill. Accordingly, the court grants summary judgment on Plaintiffs' excessive force claim.

*Hill*, *supra*, at * 7.

## III.  LEGAL ANALYSIS

To establish a claim of retaliation in violation of the First Amendment, a plaintiff must

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19266.1

demonstrate that the officer's conduct "would chill a person of ordinary firmness from future First Amendment activity." *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013) (quoting *Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1235 (9th Cir. 2006)). In addition, the evidence must enable a plaintiff ultimately to prove that the officer's desire to chill his speech was a but-for cause of the officer's allegedly unlawful conduct. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916–17 (9th Cir. 2012) (en banc). Plaintiff's other lawsuits, and the *Hill* lawsuit, have no bearing on Plaintiff's retaliation claim. Any reference to the Hill shooting should refer to it as a lawful, reasonable use-of-force shooting.

### A. All Reference to the *Crawford*, *UC* and *Hill* Lawsuits Should be Barred

F.R.E. 401 holds evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.

F.R.E. 402 states relevant evidence is admissible, but irrelevant evidence is not. The facts relating to the *Crawford, UC* and *Hill* matters do not relate in any way to Plaintiff's allegation that Defendant had a retaliatory motive in arresting him.

F.R.E. 403 states the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. On the issue of whether Defendant had a retaliatory motive in arresting Plaintiff, there is the clear and real danger that introducing additional incidents where Plaintiff was arrested by other officers from other police departments will confuse the issue for the jury and prejudice Defendant. The evidence is barred.

### B. Any Reference to the Hill Shooting Must Explain it was a Lawful, Reasonable Use-of-Force Shooting

Assuming, *arguendo*, the Hill shooting is admissible, Plaintiff should be precluded from calling it an illegal, unlawful, or otherwise unjustified shooting. The shooting has been found to be a lawful, reasonable use-of-force as a matter of law.

F.R.E. 403 bars unduly prejudicial evidence. Evidence that would cause unfair prejudice

1 is defined as "an undue tendency to suggest decision on improper basis, commonly, though not
2 necessarily, an emotional one." 2 Moore's Federal Rules Pamphlet § 403.4 (Matthew Bender). It
3 also bars evidence that would confuse the jury.

4     Allowing Plaintiff to characterize the Hill shooting as illegal, murder, etc. is substantially
5 prejudicial to Defendant.

6     First, such assertions are false. Untrue information, by its very nature, is prejudicial. It
7 spreads lies and misinformation, leading to improper and inaccurate conclusions. The Hill
8 shooting has been found, as a matter of law, to be appropriate.

9     Second, Plaintiff could attempt to use this false information to feed a narrative -- that
10 BART (and its personnel) is an organization and people that habitually violate others' rights. If
11 Plaintiff wishes to claim that Defendant arrested him in retaliation for Plaintiff's speech, he has to
12 prove it. He has to produce facts from this incident. Plaintiff may <u>not</u> prove it vicariously through
13 other, unrelated allegations against BART and its personnel -- and certainly not through
14 allegations proven wrong in court. Plaintiff's claim must rise and fall on its own merits.

15     To the extent the shooting is allowed to be referenced at trial, Defendant requests an
16 instruction along the following lines: that the shooting led to a separate, unrelated lawsuit where
17 the lawfulness of the shooting was fully litigated and -- after consideration of all the evidence --
18 the shooting was found to be lawful and reasonable under American case law governing use-of-
19 force.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## IV. CONCLUSION

The court is requested to bar reference to the *Crawford*, *UC* and *Hill* matters. To the extent the Hill shooting is admissible, Plaintiff is barred from referring to it as an unjustified, illegal, or otherwise unjustified shooting. It must be referenced as a lawful, reasonable use-of-force.

Respectfully submitted,

Dated: August 19, 2014

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
    DALE L. ALLEN, JR.
    KEVIN P. ALLEN
    Attorneys for Defendants
    BART DEPUTY POLICE CHIEF DAN HARTWIG

5

MOTION IN LIMINE NO. 5
C12-5289 JSC (DMR)

DAN SIEGEL, SBN 56400
MICHAEL SIEGEL, SBN 269439
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA  94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
dansiegel@siegelyee.com
michael@siegelyee.com

Attorneys for Plaintiff
DAVID MORSE

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>        Defendants. | Case No. C12-5289 JSC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #5 (RE: "REFERENCE TO OTHER LAWSUITS OR ALLEGED BART-RELATED USE OF FORCE INCIDENTS")**<br><br>Pretrial Conference: September 4, 2014<br>Time: 2:00 p.m.<br>Court: F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley<br><br>Case Filed: October 12, 2012<br>Trial Date: September 22, 2014 |

## I.     INTRODUCTION

Defendant Hartwig seeks to exclude "reference to other lawsuits or alleged BART-related use of force incidents." Hartwig specifically seeks to exclude evidence of plaintiff Morse's previous lawsuit against UC Berkeley, Morse's lawsuit against the City of Oakland, and the lawsuit by Charles Hill's next of kin against the San Francisco Bay Area Rapid Transit District ("BART"). Hartwig also seeks to bar Morse from calling the

Plaintiff's Opposition to Defendant's Motion in Limine #5                                              1

Charles Hill shooting "illegal, unlawful, or otherwise unjustified," and seeks an instruction that the shooting was "found to be lawful and reasonable under American case law governing use-of force.

Hartwig's motion in limine #5 should be granted in part and denied in part. Morse does not seek to introduce evidence of his other personal litigation, and does not oppose a limitation on evidence from the UC Berkeley or City of Oakland cases. In regards to the Charles Hill issue, however, Hartwig's limiting request goes too far. The Charles Hill controversy is essential background in this case, as the shooting death of Mr. Hill triggered a round of protests that culminated on September 8, 2011, when Morse was subjected to arrest. Even though the Hill family did not prevail in their civil case, and even though no BART officer was criminally prosecuted for the shooting of Mr. Hill, Morse should not be required to characterize his death as "justified" or "reasonable."

## II.        RELEVANT FACTS

David Morse began a multi-year investigation of BART police practices following the shooting death of Oscar Grant, III, by BART police officer Johannes Mehserle on January 1, 2009. The "Oscar Grant movement" continued for months and even years; street protests led to governmental hearings, and a criminal prosecution led to Mehserle's conviction for manslaughter. (Dkt. No. 63 (Morse Dec.) ¶¶ 6-17.)

The shooting death of Charles Hill by a BART police officer on July 3, 2011, rekindled the anti-BART protests that surged following Oscar Grant's death. (*Id*. at ¶¶ 20-21.) Protests were frequent and pervasive during the months of July and August 2011. These protests were exacerbated when BART police shut down cell phone service within the BART facility as a tactic to thwart further protest. (*Id*. at ¶¶ 22-28.)

Throughout the Oscar Grant movement, Charles Hill protests, and cell phone shutdown protests, David Morse published a steady stream of photographs and articles, chronicling each relevant event and adding his critical commentary. All of these anti-BART PD protests came to a head on September 8, 2011, the date that BART police targeted David Morse for arrest. (*Id.* at ¶¶ 28-51.)

### III.     ARGUMENT

Under Federal Rules of Evidence, Rule 403, the court may not exclude relevant evidence unless its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needless cumulative evidence.

Here, Morse intends to present evidence that he provided journalistic coverage of the Charles Hill and related protests, including detailed documentation of the anti-police messages of protest participants. This evidence helps to establish the motive of BART officials to silence Morse's continuing publications.

To the extent that Morse's published articles contain assertions that the Charles Hill shooting was "illegal," "murder," or otherwise, Morse will not present the evidence for the truth of that matter (i.e., whether BART or its officers face civil or criminal liability), but rather to show the fact that Morse published various and diverse critical messages. The jury will not be confused if Morse's case-in-chief references the Charles Hill shooting and related protests, but does not seek to prove actual facts concerning Mr. Hill's death.

Morse's right to present relevant and probative evidence of his investigation and publications concerning potential BART police misconduct should not be limited by defendant Hartwig's motion to declare the Hill shooting to be "reasonable."

## IV. CONCLUSION

Deputy Chief Hartwig's motion in limine #5 would exclude relevant evidence that David Morse's journalistic activities presented a sharp and continuing critique of the BART police force, including specific criticisms of the use of force by BART officers. Because evidence of Morse's publications is relevant show the motive of BART officials to retaliate against him, the motion should be denied in part.

Dated: August 25, 2014                    SIEGEL & YEE

                                          By: /s/ Michael Siegel
                                                  Michael Siegel

                                          Attorneys for Plaintiff
                                          DAVID MORSE