DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:     (415) 697-2000
Facsimile:     (415) 813-2045

Attorneys for Defendants
SAN FRANCISCO BAY AREA RAPID TRANSIT
DISTRICT and BART DEPUTY POLICE CHIEF DAN
HARTWIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>　　　　　Defendants. | Case No.: C12-5289 JSC (DMR)<br><br>**DEFENDANT BART DEPUTY CHIEF DAN HARTWIG'S TRIAL BRIEF**<br><br>Hon. Jacqueline Scott Corley<br><br>Date:　September 4, 2014<br>Time:　2:00 p.m.<br>Ctrm:　F, 15th Floor<br><br>Trial:　September 22, 2014 |

Pursuant to the Court's Pretrial Order, Defendant BART DEPUTY CHIEF DAN HARTWIG ("Defendant") hereby submits this Trial Brief.

## I. INTRODUCTION

Plaintiff was arrested because he violated Penal Code 369i. At the time of the arrest, it was not clearly established that retaliatory arrest claims could exist, irrespective of probable cause.

## II. RELEVANT FACTS

Plaintiff's Complaint alleged three causes of action: (1) state-law false arrest (first cause of action); (2) Fourth Amendment unlawful arrest (second cause of action); and (3) First

Amendment retaliatory arrest. (Docket No. 1). The first and second causes of action were resolved in Defendant's favor during summary adjudication. (Docket No. 72, *Order*, 22:16-24:5). The Court found that probable cause existed for the arrest and that Deputy Chief Hartwig was also entitled to qualified immunity. (*Id.*) The Court declined to grant qualified immunity to the retaliatory arrest claim.

The only remaining cause of action for trial is First Amendment retaliatory arrest.

To-date, Plaintiff has not produced any direct evidence that Deputy Chief Hartwig arrested Plaintiff due to his speech (*Id.*, at 13:21-23). The evidence at trial will show there is no circumstantial evidence either. The evidence will show Plaintiff was arrested because he violated Penal Code 369i.

### III. LEGAL ISSUES

Plaintiff's retaliatory arrest claims turns upon two issues: (1) whether Plaintiff was arrested because of his speech; and (2) whether Hartwig possesses qualified immunity.

#### A. No Retaliation

In *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916 (9th Cir. 2012), the Ninth Circuit held a First Amendment retaliation claim requires "evidence showing that by his actions the defendant deterred or chilled the plaintiff's political speech and such deterrence was a substantial or motivating factor in the defendant's conduct." *Lacey, supra*, at 916 (internal quotations and citations omitted). The *Lacey* Court emphasized the animus requirement: a plaintiff "must allege facts ultimately enabling him to prove the elements of retaliatory animus as the cause of injury, with causation being understood to be but-for causation." *Lacey*, *supra*, at 917 (internal quotations and citations omitted).

This strict causation requirement was most recently affirmed in in July 2014. *West Oberdorfer v. Jewkes*, 12-36082, 2014 WL 3644015 (9th Cir. July 24, 2014) (upholding a dismissal for failure to plead sufficient facts for a retaliatory arrest claim, the court noted the plaintiff "must allege facts ultimately enabling [it] to prove the elements of retaliatory animus as the cause of injury, with causation being understood to be but-for causation.") (citing and quoting *Lacey*).

Hartwig arrested Plaintiff because he violated Penal Code 369i. He did not arrest him because of Plaintiff's prior, negative articles against BART.

### B.     Entitled to Qualified Immunity

Defendant previously raised qualified immunity (to retaliatory arrest) at the summary adjudication stage. The Court declined to grant it. Defendant intends to raise qualified immunity again in a Rule 50(a) motion (Motion for Judgment as a Matter of Law) and, if necessary, a Rule 50(b) motion (Renewed Motion for Judgment as Matter of Law).

Defendant is cognizant of the Court's summary judgment/adjudication ruling, and will not repeat its arguments from the prior motion.

For summary judgment, Defendant generally argued that *Skoog v. County of Clackamas*, 469 F. 3d 1221 (9th Cir. 2006) was inapposite in light of *Reichle v. Howards*, 132 S. Ct. 2088, 2096 (2012) and subsequent Ninth Circuit precedent (*Acosta v. City of Costa Mesa*, 718 F. 3d 800 (9th Cir. May 3, 2013); *Adkins v. Limtiaco*, 11-17543, 2013 WL 4046720 (9th Cir. Aug. 12, 2013)) (Docket No. 54, *Points and Authorities*, 20:6-22:4).

For judgment as a matter of law, Defendant will make a different argument. He will argue *Skoog* was not clearly established law. He will argue that, at the time of Defendant's arrest (September 8, 2011), *Skoog* had not clearly established in the Ninth Circuit that a retaliatory arrest claim could exist regardless of probable cause. The basis for this argument will be *Hartman v. Moore*, 126 S. Ct. 1695 (2006) and the unsettled nature of the law.

### IV.     CONCLUSION

For these reasons, Defendant believes in a defense verdict in this case.

Respectfully submitted,

Dated:  August 28, 2014        ALLEN, GLAESSNER,
                                HAZELWOOD & WERTH, LLP


By:  */s/ Kevin P. Allen*
         DALE L. ALLEN, JR.
         KEVIN P. ALLEN
         Attorneys for Defendants
         DEPUTY POLICE CHIEF DAN HARTWIG

19681.1