DAN SIEGEL, SBN 56400
MICHAEL SIEGEL, SBN 269439
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA  94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
dansiegel@siegelyee.com
michael@siegelyee.com

Attorneys for Plaintiff
DAVID MORSE

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>        Plaintiff,<br><br>        vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>        Defendants. | Case No. C12-5289 JSC<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF PLAINTIFF'S TRAINING OR EDUCATION AS A JOURNALIST**<br><br>Pretrial Conference: September 4, 2014<br>Time: 2:00 p.m.<br>Court: F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley<br><br>Case Filed: October 12, 2012<br>Trial Date: September 22, 2014 |

## I.     INTRODUCTION

Plaintiff David Morse is a journalist for Indybay, an online media publisher. At Morse's deposition, BART questioned him concerning his training and education as a journalist. BART's inquiries and potential argument concerning the formality of Morse's training are irrelevant to the present controversy, however. Established law—along with BART's published policies—establish that Morse's journalistic activities are protected under the First Amendment, regardless of whether he is a formally trained journalist.

---

Because inquiries and argument regarding Morse's training and education as a journalist may prejudice him in the eyes of the jury, and because such inquiries and argument are irrelevant to the issues at hand, the evidence should be excluded.

## II.     STATEMENT OF FACTS

On summary judgment, the Court found that plaintiff David Morse is a journalist. (Dkt. 72 at 2:13-18.)

Previously, at David Morse's deposition, BART questioned him in some detail concerning his education and training as a journalist. BART asked him related questions including: whether he had taken journalism courses; whether he sought a degree in journalism; what knowledge he has of "the traditional style of news reporting and news editing"; whether he has engaged in fact-checking; whether he is aware of the "rules of ethics" followed at mainstream media publications; whether he has studied journalistic ethics; whether he understands the motto "observe and report"; or whether he has studied "rules [or] protocols media personnel must abide by when reporting on police activity."[1]

## III.    ARGUMENT

The Ninth Circuit has squarely held:

> The protections of the First Amendment do not turn on whether [a party] was a trained journalist, formally affiliated with traditional news entities, engaged in conflict-of-interest disclosure, went beyond just assembling others' writings, or tried to get both sides of a story. As the Supreme Court has accurately warned, a First Amendment distinction between the institutional press and other speakers is unworkable: "With the advent of the Internet and the decline of print and broadcast media . . . the line between the media and others who wish to comment on political and social issues becomes far more blurred." *Obsidian Finance Group, LLC v.*

---

[1] The inquiries are documented in the transcript of David Morse's deposition, at 13-15 and 19-24.

*Cox*, 740 F.3d 1284, 1291 (9th Cir. 2014) (*citing Citizens United v. Federal Election Commission*, 558 U.S. 310, 352 (2009).

Here, Morse's status as a journalist is not in question, and is unaffected by whether or not he received particular training or instruction. Furthermore, any such inquiries or argument are likely to cause undue prejudice, confuse the issues, or mislead the jury. Thus, under the Federal Rules of Evidence, Rule 403, any such evidence or argument should be excluded.

## IV.   CONCLUSION

Inquiries or argument concerning David Morse's training or education as a journalist are not probative of any material fact, and are likely to cause undue prejudice, confusion of the issues, and misleading of the jury. Thus, Morse's motion in limine, number 1, should be granted.

Dated: August 19, 2014                    SIEGEL & YEE

By: /s/ Michael Siegel
        Michael Siegel

Attorneys for Plaintiff
DAVID MORSE

DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:     (415) 697-2000
Facsimile:      (415) 813-2045

Attorneys for Defendants
SAN FRANCISCO BAY AREA RAPID TRANSIT
DISTRICT and BART DEPUTY POLICE CHIEF DAN
HARTWIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>           Plaintiff,<br><br>     v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>           Defendants. | Case No.: C12-5289 JSC (DMR)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF PLAINTIFF'S TRAINING OR EDUCATION AS A JOURNALIST**<br><br>Hon. Jacqueline Scott Corley<br><br>Date:    September 4, 2014<br>Time:   2:00 p.m.<br>Ctrm:   F, 15th Floor<br><br>Trial:     September 22, 2014 |

///
///
///
///
///
///
///
///
///

Defendant Deputy BART Police Chief Dan Hartwig ("Defendant") hereby opposes Plaintiff's Motion in *Limine* No. 1. It is unclear what this motion seeks to preclude. Defendant intends to question Plaintiff on his training and education. The questions will be for the purposes of showing whether Plaintiff knew that -- as a journalist -- he could be arrested (just like non-journalists) for breaking the law. His training and education as a journalist is highly relevant to establishing his knowledge that violating the law can lead to arrest (even if one was a journalist at the time).

Respectfully submitted,

Dated: August 25, 2014

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
BART DEPUTY POLICE CHIEF DAN HARTWIG