DAN SIEGEL, SBN 56400
MICHAEL SIEGEL, SBN 269439
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA  94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
dansiegel@siegelyee.com
michael@siegelyee.com

Attorneys for Plaintiff
DAVID MORSE

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>           Plaintiff,<br><br>     vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>           Defendants. | Case No. C12-5289 JSC<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY MATERIALS, INCLUDING PHOTOGRAPHS AND VIDEO, THAT BART HAS FAILED TO DISCLOSURE OR PRODUCE PURSUANT TO DISCOVERY**<br><br>Pretrial Conference: September 4, 2014<br>Time: 2:00 p.m.<br>Court: F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley<br><br>Case Filed: October 12, 2012<br>Trial Date: September 22, 2014 |

## I.     INTRODUCTION

Numerous disclosures were provided by both sides in this case, and plaintiff David Morse conducted substantial discovery. Notwithstanding the documents produced by BART to date, however, Morse has reason to believe that BART has or did have possession of other documents relevant to this case. Because Morse would suffer

prejudice if any previously undisclosed or un-produced documents were utilized by defendants at trial, he requests that any such evidence be excluded.

## II. STATEMENT OF FACTS

Defendants BART and Hartwig produced numerous documents, including audio and video files, pursuant to Rule 26 disclosures and in response to specific requests for production of documents. During the discovery period and in advance of trial, Morse has repeatedly asked BART whether any additional relevant documents exist. In particular, Morse has asked whether BART possesses video files that pertain to the protest in question. As a final measure, on July 8, 2014, Morse's counsel, Michael Siegel, wrote to counsel for BART to ask whether certain video files were available for disclosure. The identified documents include (1) potential closed circuit television (CCTV) files from cameras that are apparent in other photographs and videos that are a part of the record of this case, but from which no documents have been produced; and (2) potential Personal Digital Recording Device (PDRD) files that would have been produced by cameras worn by certain BART officers on the day in question, but from which no documents have been produced. To date, following the close of discovery, BART has not identified any additional documents that should be disclosed in this case.

## III. ARGUMENT

Under Federal Rules of Civil Procedure, Rule 37, if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information at trial, unless the failure was substantially justified or is harmless. FRCP, Rule 37(c). To date, BART has not attempted to justify its failure to produce additional documents, other than to state, through its counsel, that no additional documents are

available. Because any use at trial of previously undisclosed documents would prejudice Mr. Morse, the evidence should be excluded.

## IV.    CONCLUSION

Defendants have an ongoing duty under Rule 26 to disclose relevant evidence. Any additional relevant evidence in BART's possession should have been disclosed in advance of trial. Absent such pretrial disclosure, the evidence should be excluded.

Dated: August 19, 2014                         SIEGEL & YEE

                                               By: /s/ Michael Siegel_____
                                                       Michael Siegel

                                               Attorneys for Plaintiff
                                               DAVID MORSE