DAN SIEGEL, SBN 56400
MICHAEL SIEGEL, SBN 269439
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA  94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
dansiegel@siegelyee.com
michael@siegelyee.com

Attorneys for Plaintiff
DAVID MORSE

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>         Plaintiff,<br><br>    vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>         Defendants. | Case No. C12-5289 JSC<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR ARREST AND/OR LITIGATION ARISING OUT OF SUCH ARREST**<br><br>Pretrial Conference: September 4, 2014<br>Time: 2:00 p.m.<br>Court: F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley<br><br>Case Filed: October 12, 2012<br>Trial Date: September 22, 2014 |

## I.     INTRODUCTION

Plaintiff David Morse was arrested by University of California police on December 11, 2009, while covering a student protest against UC budget cuts. The charges against Mr. Morse were dismissed and Morse later filed a civil suit alleging certain injuries arising out of his arrest. The events concerning Morse's prior arrest and civil suit have no bearing on the issues in this case: namely, whether BART was

motivated by Morse's journalistic activities when it arrested him at a demonstration at the Powell Street BART Station on September 8, 2011. Because evidence of Morse's prior arrest and civil suit is likely to cause undue prejudice, confusion of the issues, misleading of the jury, and waste of time, and because any such evidence is not probative of any material fact in this controversy, the evidence should be excluded.

## II.     STATEMENT OF FACTS

As described in his Complaint filed in the Northern District of California, Morse was arrested by UC Berkeley police on December 11, 2009, while covering a student protest against UC budget cuts. *Morse v. Regents*, Case 4:10-cv-05594-YGR (Dkt. 1, filed Dec. 9, 2010). Police seized Morse's camera, on the grounds that it possessed evidence relevant to a student action at the UC Berkeley Chancellor's house. (*Id.* at 8-11.) Later, UC police sought a warrant to search Morse's camera; the warrant was ultimately quashed, and charges against Morse were dismissed. (*Id.* at 12-15.) Morse filed suit alleging numerous causes of action on December 9, 2010. He voluntarily dismissed his action on July 12, 2012, following a confidential settlement.

## III.    ARGUMENT

Federal Rules of Evidence, Rule 403 permits a court to exclude evidence whose "probative value is substantially outweighed" by the danger of undue prejudice, confusing the issues, misleading the jury, or an undue consumption of time. FRE 403.

Here, evidence of Morse's prior arrest and civil suit is not probative of any material issue in this case. Furthermore, introduction of any such evidence is likely to confuse the issues or mislead the jury, regarding the relevant issue here: namely, whether BART was substantially motivated by Morse's First Amendment protected

conduct when it arrested Morse on September 8, 2011. Finally, discussion of the circumstances surrounding the prior arrest and lawsuit will waste time.

## IV. CONCLUSION

Inquiries or argument concerning Morse's prior arrest and civil suit are not probative of any material fact, and are likely to cause undue prejudice, confusion of the issues, misleading of the jury, and waste of time. Thus, Morse's motion in limine, number 3, should be granted.

Dated: August 19, 2014                    SIEGEL & YEE

                                                                            By: /s/ Michael Siegel
                                                                                 Michael Siegel

                                                                    Attorneys for Plaintiff
                                                                    DAVID MORSE

DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:    (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for Defendants
SAN FRANCISCO BAY AREA RAPID TRANSIT
DISTRICT and BART DEPUTY POLICE CHIEF DAN
HARTWIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORSE,<br><br>             Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); and BART Deputy Police Chief DAN HARTWIG, sued in his official and individual capacities,<br><br>             Defendants. | Case No.: C12-5289 JSC (DMR)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR ARREST AND/OR LITIGATION ARISING OUT OF SUCH ARREST**<br>Hon. Jacqueline Scott Corley<br><br>Date:    September 4, 2014<br>Time:    2:00 p.m.<br>Ctrm:    F, 15th Floor<br><br>Trial:    September 22, 2014 |

///
///
///
///
///
///
///
///
///

1  Defendant Deputy BART Police Chief Dan Hartwig ("Hartwig" or "Defendant") opposes Plaintiff's Motion in *Limine* No.3 only to the extent that Plaintiffs seek to exclude evidence relating to prior instances when Plaintiff was acting as a protester and not a journalist. Plaintiff's behavior as a protester, rather than a journalist, is highly relevant to the issue of whether Defendant's arrest of plaintiff was retaliatory or simply an attempt to disperse citizens who had unlawfully assembled. However, Defendant does not oppose Plaintiff's request to exclude reference to his UC arrest.

Respectfully submitted,

Dated: August 25, 2014

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP


By:  */s/ Kevin P. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
SAN FRANCISCO BAY AREA RAPID
TRANSIT DISTRICT and BART DEPUTY
POLICE CHIEF DAN HARTWIG

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

2

OPPOSITION TO MOTION IN LIMINE #3
C12-5289 JSC (DMR)

19372.1