1  DAN SIEGEL, SBN 56400
2  MICHAEL SIEGEL, SBN 269439
   SIEGEL & YEE
3  499 14th Street, Suite 300
   Oakland, CA  94612
4  Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
5  dansiegel@siegelyee.com
   michael@siegelyee.com
6  Attorneys for Plaintiff
   DAVID MORSE
7

8  DALE L. ALLEN, JR., State Bar No. 145279
9  dallen@aghwlaw.com
   KEVIN P. ALLEN, State Bar No. 252290
10 kallen@aghwlaw.com
   ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
11 180 Montgomery Street, Suite 1200
   San Francisco, CA  94104
12 Telephone:     (415) 697-2000
   Facsimile:     (415) 813-2045
13
   Attorneys for Defendant
14 BART DEPUTY POLICE CHIEF DAN HARTWIG

15               UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17

18 DAVID MORSE,                          Case No.: C12-5289 JSC (DMR)

19              Plaintiff,               **JOINT JURY INSTRUCTIONS**

20      v.                               Trial:     September 22, 2014

21 SAN FRANCISCO BAY AREA RAPID
   TRANSIT DISTRICT (BART); and
22 BART Deputy Police Chief DAN
   HARTWIG, sued in his official and
23 individual capacities,

24              Defendants.

25

26      Pursuant to the Court's Pretrial Order, the parties submit the following proposed jury

27 instructions. In addition to the Index below, a complete set of instructions is attached. The

28 complete set lists the instructions in the order they are to be read to the jury. The text of the

*(left margin, vertical text)* ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1  instructions also identified, in italics, any modifications to form instructions.

2      In the Index, the parties have identified those Joint Instructions, and those on which they

3  disagree. Please also see those Disputed Instructions, concurrently-filed.

4      The parties respectfully request that Instruction 1-15 be read to the jury as preliminary

5  instructions, prior to opening statements. The parties respectfully the reminder of the Instructions

6  (16-42) read to the jury after the close of evidence.

7      Instructions 1.8; 2.8; 3.2A; 3.4; 3.5, and CACI 223 are only to be read to the jury if

8  necessary.

9  **Jury Instructions**

10  Ninth Circuit Model Civil Jury Instructions

11      1.1A    (Duty of Jury) (Stipulated Instruction 1)

12      1.1C    (Duty of Jury) (Stipulated Instruction 16)

13      1.2     (Claims and Defenses) (Stipulated Instruction 2)

14      1.3     (Burden of Proof - Preponderance of the Evidence) (Stipulated Instruction 3)

15      1.6     (What is Evidence) (Stipulated Instruction 4)

16      1.7     (What is Not Evidence) (Stipulated Instruction 5)

17      1.8     (Evidence for Limited Purpose) (Stipulated Instruction 6)[1]

18      1.9     (Direct and Circumstantial Evidence) (Stipulated Instruction 7)

19      1.10    (Ruling on Objections) (Stipulated Instruction 8)

20      1.11    (Credibility of Witnesses) (Stipulated Instruction 9)

21      1.12    (Conduct of the Jury) (Stipulated Instruction 10)

22      1.13    (No Transcript Available to Jury) (Stipulated Instruction 11)

23      1.14    (Taking Notes) (Stipulated Instruction 12)

24      1.15    (Questions to Witnesses By Jurors) (Stipulated Instruction 13)

25      1.18    (Bench Conferences and Recesses) (Stipulated Instruction 14)

26      1.19    (Outline of Trial) (Stipulated Instruction 15)

27

28  [1] If Necessary

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

2.8      (Impeachment Evidence) (Stipulated Instruction 21)[2]

2.11     (Expert Opinion) (Stipulated Instruction 18)

2.14     (Evidence in Electronic Format) (Stipulated Instruction 17)

3.1      (Duty to Deliberate) (Stipulated Instruction 36)

3.1A     (Consideration of Evidence – Conduct of the Jury) (Stipulated Instruction 37)

3.2      (Communication with Court) (Stipulated Instruction 38)

3.2A     (Readbacks or Playbacks)[3] (Stipulated Instruction 39)

3.3      (Return of Verdict) (Stipulated Instruction 40)

3.4      (Additional Instructions of Law)[4] (Stipulated Instruction 41)

3.5      (Deadlocked Jury)[5] (Stipulated Instruction 42)

5.1      (Damages - Proof) (Stipulated Instruction 32)

5.2      (Measures of Types of Damages) (Stipulated Instruction 32)

5.5      (Punitive Damages) (Stipulated Instruction 34)

5.6      (Nominal Damages) (Stipulated Instruction 33)

9.1      (Section 1983 Claim - Introductory Instruction) (Stipulated Instruction 25)

9.2      (Section 1983 Claim Against Defendant in Individual Capacity) (Disputed

         Instruction 26)

9.10     (Particular Rights – First Amendment – "Citizen" Plaintiff) (Stipulated Instruction

         28)


Plaintiff's Additional Requested Instructions

Special Instruction No. 1, (Conspiracy) (Elements) (Disputed Instruction 30)

Special Instruction No. 2, (Conspiracy) (Knowledge) (Disputed Instruction 31)

9.3      (Supervisory Liability) (Disputed Instruction 27)

---

[2] If Necessary

[3] If Necessary

[4] If Necessary

[5] If Necessary

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1    (Spoliation of Evidence) (Disputed Instruction 24)

2

3    Defendant's Additional Requested Instructions

4        Special Instruction No. 1 (CACI 220) (Experts – Questions Containing Assumed Facts)

5    (Disputed Instruction 19)

6        Special Instruction No. 2 (CACI 223) (Opinion Testimony of Lay Witness) (Disputed

7    Instruction 20)[6]

8        Special Instruction No. 3, (Discrepancies in Testimony) (Disputed Instruction 22)

9        Special Instruction No. 4 (CACI 205) (Failure to Explain or Deny Evidence) (Disputed

10   Instruction 23)

11       Special Instruction No. 5 (Arrest Not at Issue) (Disputed Instruction 29)

12       Special Instruction No. 6 (CACI 3925) (Arguments of Counsel Not Evidence of Damages)

13   (Disputed Instruction 35)

14

15                                          Respectfully submitted,

16   Dated:  August 28, 2014               ALLEN, GLAESSNER,
                                           HAZELWOOD & WERTH, LLP
17

18                                         By:   _/s/ Kevin P. Allen_____
19                                              DALE L. ALLEN, JR.
                                                KEVIN P. ALLEN
20                                              Attorneys for Defendant
                                                BART DEPUTY POLICE CHIEF DAN
21                                              HARTWIG

22   Dated: August 28, 2014                     SIEGEL & YEE

23                                         By: _/s/ Michael Siegel_____
24                                              Michael Siegel
                                                Attorneys for Plaintiff
25                                              DAVID MORSE

26

27   _____

28   [6] If Necessary

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

4

19844.1

**STIPULATED JURY INSTRUCTION NO. 1**

**(Duty of Jury)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")

Given: _____

Refused: _____

Modified: _____

Authorities: Model Ninth Circuit Jury Instruction No. 1.1A.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2                    **PROPOSED JURY INSTRUCTION NO. 2**

3                            **(Claims and Defenses)**

4          Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5   (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6   concluding instructions, please simply cite to the numbers of the requested instructions in the

7   current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8   parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10  Given:          _____

11  Refused:        _____

12  Modified:       _____

13

14  Authorities:    Model Ninth Circuit Jury Instruction No. 1.2.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1

2 **STIPULATED JURY INSTRUCTION NO. 3**

3 **(Burden of Proof - Preponderance of the Evidence)**

4 Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5 (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6 concluding instructions, please simply cite to the numbers of the requested instructions in the

7 current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8 parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10 Given: _____

11 Refused: _____

12 Modified: _____

13

14 Authorities:     Model Ninth Circuit Jury Instruction No. 1.3.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2                          **STIPULATED JURY INSTRUCTION NO. 4**

3                                    **(What is Evidence)**

4              Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5       (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6       concluding instructions, please simply cite to the numbers of the requested instructions in the

7       current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8       parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10      Given:          _____

11      Refused:        _____

12      Modified:       _____

13

14      Authorities:    Model Ninth Circuit Jury Instruction No. 1.6.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

1

2

**STIPULATED JURY INSTRUCTION NO. 5**

3

**(What is Not Evidence)**

4

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5

(Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6

concluding instructions, please simply cite to the numbers of the requested instructions in the

7

current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8

parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10

Given:      _____

11

Refused:    _____

12

Modified:   _____

13

14

Authorities:     Model Ninth Circuit Jury Instruction No. 1.7.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**[IF NECESSARY]**

**STIPULATED JURY INSTRUCTION NO. 6**

**(Evidence for Limited Purpose)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")

Given:        _____

Refused:      _____

Modified:     _____

Authorities:   Model Ninth Circuit Jury Instruction No. 1.8.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2 **STIPULATED JURY INSTRUCTION NO. 7**

3 **(Direct and Circumstantial Evidence)**

4        Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5 (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6 concluding instructions, please simply cite to the numbers of the requested instructions in the

7 current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8 parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10 Given: _____

11 Refused: _____

12 Modified: _____

13

14 Authorities:    Model Ninth Circuit Jury Instruction No. 1.9.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2 **STIPULATED JURY INSTRUCTION NO. 8_**

3 **(Ruling on Objections)**

4       Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5 (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6 concluding instructions, please simply cite to the numbers of the requested instructions in the

7 current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8 parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10 Given:       _____

11 Refused:     _____

12 Modified:    _____

13

14 Authorities:    Model Ninth Circuit Jury Instruction No. 1.10.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1

2
**STIPULATED JURY INSTRUCTION NO. 9**

3
**(Credibility of Witnesses)**

4
Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5
(Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6
concluding instructions, please simply cite to the numbers of the requested instructions in the

7
current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8
parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10
Given:        _____

11
Refused:      _____

12
Modified:     _____

13

14
Authorities:    Model Ninth Circuit Jury Instruction No. 1.11.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2          **STIPULATED JURY INSTRUCTION NO. 10**

3                    **(Conduct of the Jury)**

4          Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5   (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6   concluding instructions, please simply cite to the numbers of the requested instructions in the

7   current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8   parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10  Given:          _____

11  Refused:        _____

12  Modified:       _____

13

14  Authorities:    Model Ninth Circuit Jury Instruction No. 1.12.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2 **STIPULATED JURY INSTRUCTION NO. 11**

3 **(No Transcript Available to Jury)**

4 Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5 (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6 concluding instructions, please simply cite to the numbers of the requested instructions in the

7 current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8 parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10 Given:        _____

11 Refused:      _____

12 Modified:     _____

13

14 Authorities:    Model Ninth Circuit Jury Instruction No. 1.13.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2

**STIPULATED JURY INSTRUCTION NO. 12**

3

**(Taking Notes)**

4

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5

(Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6

concluding instructions, please simply cite to the numbers of the requested instructions in the

7

current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8

parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10    Given:          _____

11    Refused:        _____

12    Modified:       _____

13

14    Authorities:    Model Ninth Circuit Jury Instruction No. 1.14.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED JURY INSTRUCTION NO. 13**

**(Questions to Witnesses By Jurors)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")

Given: _____

Refused: _____

Modified: _____

Authorities:     Model Ninth Circuit Jury Instruction No. 1.15.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2

**STIPULATED JURY INSTRUCTION NO. 14**

3

**(Bench Conferences and Recesses)**

4

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5

(Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6

concluding instructions, please simply cite to the numbers of the requested instructions in the

7

current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8

parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10

Given:          _____

11

Refused:        _____

12

Modified:       _____

13

14

Authorities:    Model Ninth Circuit Jury Instruction No. 1.18.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2 **STIPULATED JURY INSTRUCTION NO. 15**

3 **(Outline of Trial)**

4       Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5 (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6 concluding instructions, please simply cite to the numbers of the requested instructions in the

7 current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8 parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10 Given:       _____

11 Refused:     _____

12 Modified:    _____

13

14 Authorities:     Model Ninth Circuit Jury Instruction No. 1.19.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2 **STIPULATED JURY INSTRUCTION NO. 16**

3 **(Duty of Jury)**

4     Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5 (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6 concluding instructions, please simply cite to the numbers of the requested instructions in the

7 current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8 parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10 Given:          _____

11 Refused:        _____

12 Modified:       _____

13

14 Authorities:    Model Ninth Circuit Jury Instruction No. 1.1C.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2          **STIPULATED JURY INSTRUCTION NO. 17**

3              **(EVIDENCE IN ELECTRONIC FORMAT)**

4          Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5   (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6   concluding instructions, please simply cite to the numbers of the requested instructions in the

7   current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8   parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10  Given:          _____

11  Refused:        _____

12  Modified:       _____

13

14  Authorities:     Model Ninth Circuit Jury Instruction No. 2.14.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1

2                     **STIPULATED JURY INSTRUCTION NO. 18**

3                                 **(Expert Opinion)**

4              Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

5    (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

6    concluding instructions, please simply cite to the numbers of the requested instructions in the

7    current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

8    parties shall not include preliminary, general, or concluding instructions in the packet.")

9

10   Given:          _____

11   Refused:        _____

12   Modified:       _____

13

14   Authorities:    Model Ninth Circuit Jury Instruction No. 2.11.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**DEFENDANT'S DISPUTED JURY INSTRUCTION NO. 19**

**(Experts – Questions Containing Assumed Facts)**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

Given: _____

Refused: _____

Modified: _____

Authorities:     California Civil Jury Instruction No. 220.

**Defendant's Position**

This is standard instruction given when there are expert witnesses. Here, Defendant has a police procedures expert. The Instruction explains "hypothetical questions" to the jury and what to consider when weighing them.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1

2                    **PLAINTIFF'S DISPUTED JURY INSTRUCTION NO. 19**

3                    **(Experts – Questions Containing Assumed Facts)**

4          <u>**Plaintiff's Position**</u>

5                 Plaintiff David Morse objects to this Instruction being given. The Ninth Circuit Manual of

6      Model Jury Instructions (Civil) is a comprehensive set of instructions. The existence of a circuit's

7      model instruction may be enough reason for a district court to reject a party's proposed

8      instruction. *See Conroy v. Abraham Chevrolet-Tampa, Inc.* (11th Cir. 2004) 375 F.3d 1228, 1231,

9      1234-1235. There is no substantive law in this instruction that is not covered by Ninth Circuit

10     instruction 2.11. This instruction is unnecessary.

11                This question is also irrelevant, until such time as defendant proffers a proper hypothetical

12     question to which an expert can respond. To date, there is no evidence in this case that an expert

13     can give a proper opinion as to whether defendant is responsible for instigating a retaliatory arrest

14     against Mr. Morse.

15                Plaintiff does not provide an alternative instruction because Ninth Circuit instruction 2.11

16     is complete and the expert issue does not require additional instruction.

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**[IF NECESSARY]**

**DEFENDANT'S DISPUTED JURY INSTRUCTION NO. 20**

**(Opinion Testimony of Lay Witness)**

A witness who was not testifying as an expert gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.


Given:          _____

Refused:        _____

Modified:       _____


Authorities:    California Civil Jury Instruction No. 223.


**Defendant's Position**

Defendant only proposes this Instruction "if necessary." If no lay witnesses offer testimony pertinent to the Instruction, it will not be given.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**PLAINTIFF'S DISPUTED JURY INSTRUCTION NO. 20**

**(Opinion Testimony of Lay Witness)**

**Plaintiff's Position**

Plaintiff David Morse objects to this Instruction being given. The Ninth Circuit Manual of Model Jury Instructions (Civil) is a comprehensive set of instructions. The existence of a circuit's model instruction may be enough reason for a district court to reject a party's proposed instruction. *See Conroy v. Abraham Chevrolet-Tampa, Inc.* (11th Cir. 2004) 375 F.3d 1228, 1231, 1234-1235. There is no substantive law in this instruction that is not covered by Ninth Circuit instruction 2.11. This instruction is unnecessary.

Plaintiff does not provide an alternative instruction because Ninth Circuit instruction 2.11 is complete and the opinion issue does not require additional instruction.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**[IF NECESSARY]**

**STIPULATED JURY INSTRUCTION NO. 21**

**(Impeachment Evidence)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")

Given:          _____

Refused:        _____

Modified:       _____

Authorities:    Model Ninth Circuit Jury Instruction No. 2.8.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**DEFENDANT'S DISPUTED JURY INSTRUCTION NO. 22**

**(Discrepancies in Testimony)**

Discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

Given: _____

Refused: _____

Modified: _____

Authorities:    BAJI No. 2.21.

**Defendant's Position**

This is an important Instruction that, in tandem with Instructions Nos. 9 and 23, help the jury evaluate witness credibility.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**PLAINTIFF'S DISPUTED JURY INSTRUCTION NO. 22**

**(Discrepancies in Testimony)**

<u>Plaintiff's Position</u>

Plaintiff David Morse objects to this Instruction being given. The Ninth Circuit Manual of Model Jury Instructions (Civil) is a comprehensive set of instructions. The existence of a circuit's model instruction may be enough reason for a district court to reject a party's proposed instruction. *See Conroy v. Abraham Chevrolet-Tampa, Inc.* (11th Cir. 2004) 375 F.3d 1228, 1231, 1234-1235. There is no substantive law in this instruction that is not covered by Ninth Circuit instruction 1.11. This instruction is unnecessary.

This question is both redundant and potentially confusing. Ninth Circuit instruction 1.11 is comprehensive and specifies, in detail, how to evaluate witness credibility. This additional proposed instruction zeroes in on how "discrepancies in testimony" may be read as innocent. The additional instruction is unnecessary, because Ninth Circuit instruction 1.11 contains all of the mitigating factors that a jury can consider.

Plaintiff does not provide an alternative instruction because Ninth Circuit instruction 1.11 is complete and the witness credibility issue does not require additional instruction.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**DEFENDANT'S DISPUTED JURY INSTRUCTION NO. 23**

**(Failure to Explain or Deny Evidence)**

If a party failed to explain or deny evidence against him, when he could reasonably be expected to have done so based on what he knew, you may consider his failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

Given:          _____

Refused:        _____

Modified:       _____

Authorities:    California Civil Jury Instruction No. 205.

**Defendant's Position**

This is an important Instruction that, in tandem with Instructions Nos. 9 and 22, help the jury evaluate witness credibility.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**PLAINTIFF'S DISPUTED JURY INSTRUCTION NO. 23**

**(Failure to Explain or Deny Evidence)**

<u>**Plaintiff's Position**</u>

Plaintiff David Morse objects to this Instruction being given. The Ninth Circuit Manual of Model Jury Instructions (Civil) is a comprehensive set of instructions. The existence of a circuit's model instruction may be enough reason for a district court to reject a party's proposed instruction. *See Conroy v. Abraham Chevrolet-Tampa, Inc.* (11th Cir. 2004) 375 F.3d 1228, 1231, 1234-1235. There is no substantive law in this instruction that is not covered by Ninth Circuit instruction 1.11. This instruction is unnecessary.

Plaintiff does not provide an alternative instruction because Ninth Circuit instruction 1.11 is complete and the witness credibility issue does not require additional instruction.

**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1

**PLAINTIFF'S DISPUTED JURY INSTRUCTION NO. 24**

2

**(Adverse Inference of Spoliation)**

3      BART Deputy Chief Dan Hartwig has failed to prevent the destruction of relevant

4   evidence for David Morse's use in this litigation. This is known as the "spoliation of evidence."

5      I instruct you, as a matter of law, that BART Deputy Chief Hartwig failed to preserve

6   evidence after his duty to preserve arose. This failure resulted from his failure to perform his

7   discovery obligations.

8      You may also presume that Morse has met its burden of proving the following two

9   elements by a preponderance of the evidence: first, that relevant evidence was destroyed after the

10  duty to preserve arose. Evidence is relevant if it would have clarified a fact at issue in the trial and

11  otherwise would naturally have been introduced into evidence; and second, the lost evidence was

12  favorable to David Morse.

13      Whether this finding is important to you in reaching a verdict in this case is for you to

14  decide. You may choose to find it determinative, somewhat determinative, or not at all

15  determinative in reaching your verdict.

16

17  Authority: *Apple Inc. v. Samsung Electronics, Ltd.*, 888 F.Spup.2d 976 (N.D. Cal. 2012).

18

19      <u>**Plaintiff's Position**</u>

20      Defendant BART Deputy Police Chief Dan Hartwig has disclosed highly relevant video in

21  the last week (videos received on August 25 and 27, respectively) that Plaintiff David Morse has

22  only begun to evaluate. Prior to receiving these recent disclosures, Mr. Morse had reason to

23  believe that defendant Hartwig had failed to produce relevant and available evidence of the

24  September 8, 2011, protest in question. Mr. Morse will separately brief the evidence that would

25  support the proposed instruction.

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**DEFENDANT'S DISPUTED JURY INSTRUCTION NO. 24**

**(Adverse Inference of Spoliation)**

<u>Defendant's Position</u>

Defendant objects to this Instruction being given. This is no evidence that Deputy Chief Dan Hartwig "failed to prevent the destruction of relevant evidence for David Morse's use in this litigation," or that relevant evidence was even destroyed. Before this Instruction is given, Plaintiff must prove the supposed destruction, and that it was Hartwig's fault. Defendant requests an evidentiary hearing on any such proof, so that Defendant may produce its own evidence demonstrating that no spoliation occurred.

Defendant has been extremely forthright with Plaintiff regarding the evidence in this case, and has given whatever he had over to Plaintiff.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**STIPULATED JURY INSTRUCTION NO. 25**

**(Section 1983 Claim - Introductory Instruction)**

<u>DAVID MORSE</u> brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Given: _____

Refused: _____

Modified: _____

Authorities:     Model Ninth Circuit Jury Instruction No. 9.1.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**DEFENDANT'S DISPUTED JURY INSTRUCTION NO. 26**

**(Section 1983 Claim Against Defendant in Individual Capacity)**

In order to prevail on his § 1983 claim against the defendant BART Deputy Police Chief HARTWIG, <u>DAVID MORSE</u> must prove each of the following elements by a preponderance of the evidence:

    1. the defendant acted under color of law; and

    2. the acts of the defendant deprived <u>DAVID MORSE</u> of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

The parties have stipulated that the defendant acted under color of law.

If you find <u>DAVID MORSE</u> has proved each of these elements, and if you find that <u>DAVID MORSE</u> has proved all the elements he is required to prove under Instruction 9.10 your verdict should be for <u>DAVID MORSE</u>. If, on the other hand, <u>DAVID MORSE</u> has failed to prove any one or more of these elements, your verdict should be for the defendant.


Given:    _____

Refused:    _____

Modified:    _____


Authorities:    Model Ninth Circuit Jury Instruction No. 9.2


**<u>Defendant's Position</u>**

This is a required instruction, in light of Plaintiff's First Amendment retaliatory arrest claim. This Instruction is foundation for 42 U.S.C. 1983 claims; it informs the jury what Plaintiff must prove to win this case.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1
2
3
4
5

**PLAINTIFF'S DISPUTED JURY INSTRUCTION NO. 26**

6

**(Section 1983 Claim Against Defendant in Individual Capacity)**

7

**Plaintiff's Position**

8

Plaintiff David Morse objects to this Instruction being given. In lieu of Instruction No. 26

9

(Model Instruction 9.2), Plaintiff believes Instruction No. 27 (Model Instruction 9.3) should be

10

given.

11

Supervisory liability under 42 U.S.C. § 1983 can be imposed if (1) the supervisor was

12

personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection

13

between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885

14

F.2d 642, 646 (9th Cir. 1989); *Doe v. City of San Diego*, ___ F.Supp.2d ___, 2014 WL 3893045

15

at *6-7 (S.D. Cal. Mar. 27, 2014).

16

"The requisite causal connection can be established . . . by setting in motion a series of

17

acts by others, or by knowingly refusing to terminate a series of acts by others, which the

18

supervisor knew or reasonably should have known would cause others to inflict a constitutional

19

injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011); *Doe*, *supra*, at *6. "A supervisor

20

can be liable in his individual capacity for his own culpable action or inaction in the training,

21

supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation;

22

or for conduct that showed a reckless or callous indifference to the rights of others." *Starr*, *supra*,

23

652 at 1207-08 (9th Cir. 2011); *Doe*, *supra*, at *6.

24

Here, Deputy Chief Hartwi may be held liable as a supervisor who failed to prevent the

25

discriminatory course of conduct initiated by others, and who directed or permitted subordinates

26

to continue that course of conduct, resulting in Morse's unlawful arrest. There is evidence that

27

Hartwig "knowingly refused to terminate" the plan of action set in motion by Deputy Chief

28

Fairow, by which BART police issued an unusual informational flyer that focused all BART

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

police covering the protest on David Morse, a known journalist. At the police officer meeting on the day of the protest, which Hartwig attended, the arrest of Morse was openly discussed. When Hartwig ended the protest later that day, he selected Morse for arrest first, and ordered Officer Coduti to carry out the arrest. Hartwig and Fairow collaborated to justify the arrest after the fact, citing Morse's lack of "legitimate" journalistic status.

Thus, because Morse can hold Hartwig liable for failing to stop the plan set in motion by Deputy Chief Fairow and for supporting that plan by ordering Coduti to arrest Morse and by justifying the arrest after the fact, the supervisor liability instruction should be given.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**PLAINTIFF'S DISPUTED JURY INSTRUCTION**

**JURY INSTRUCTION NO. 27**

**(SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN**

**INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF)**

In order to prevail on his § 1983 claim against the supervisory defendant, BART Deputy Police Chief Dan Hartwig, plaintiff David Morse must prove each of the following elements by a preponderance of the evidence:

1. defendant Hartwig acted under color of law;

2. the acts of Hartwig's subordinates, including Officer Shane Coduti and others, deprived plaintiff Morse of his particular rights under the United States constitution as explained in later instructions; and

3. (a) Hartwig knew, or reasonably should have known, that his subordinates were engaging in these acts and that their conduct would deprive Morse of these rights, and (b) Hartwig failed to prevent his subordinates from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

If you find that Morse has proved each of these elements, and if you find that Morse has proved all of the elements he is required to prove under Instruction 9.10 ("Particular Rights – First Amendment – "Citizen" Plaintiff), your verdict should be for the plaintiff David Morse. If, on the other hand, Morse has failed to prove any one or more of these elements, your verdict should be for defendant Hartwig.

Given:        _____

Refused:        _____

Modified:        _____

Authorities:    Model Ninth Circuit Jury Instruction No. 9.3

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**Plaintiff's Position**

Supervisory liability under 42 U.S.C. § 1983 can be imposed if (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Doe v. City of San Diego*, ___ F.Supp.2d ___, 2014 WL 3893045 at *6-7 (S.D. Cal. Mar. 27, 2014).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011); *Doe*, *supra*, at *6. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr*, *supra*, 652 at 1207-08 (9th Cir. 2011); *Doe*, *supra*, at *6.

Here, Deputy Chief Hartwi may be held liable as a supervisor who failed to prevent the discriminatory course of conduct initiated by others, and who directed or permitted subordinates to continue that course of conduct, resulting in Morse's unlawful arrest. There is evidence that Hartwig "knowingly refused to terminate" the plan of action set in motion by Deputy Chief Fairow, by which BART police issued an unusual informational flyer that focused all BART police covering the protest on David Morse, a known journalist. At the police officer meeting on the day of the protest, which Hartwig attended, the arrest of Morse was openly discussed. When Hartwig ended the protest later that day, he selected Morse for arrest first, and ordered Officer Coduti to carry out the arrest. Hartwig and Fairow collaborated to justify the arrest after the fact, citing Morse's lack of "legitimate" journalistic status.

Thus, because Morse can hold Hartwig liable for failing to stop the plan set in motion by Deputy Chief Fairow and for supporting that plan by ordering Coduti to arrest Morse and by justifying the arrest after the fact, the supervisor liability instruction should be given.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1    Regarding defendant's argument of "unfair surprise": this argument fails to acknowledge

2    how Mose began this litigation: i.e., by naming Hartwig in his supervisor capacity (i.e., BART

3    Deputy Police Chief Dan Hartwig). Discovery has revealed that Hartwig did not act alone; for

4    example, Deputy Chief Fairow targeted Morse and used intelligence officer Ken Dam to

5    effectuate that intent. More importantly, as the briefs and final order on defendants' motion for

6    summary judgment demonstrates, Morse has consistently argued that Deputy Chief Hartwig's

7    retaliatory intent could be inferred based upon the statements and conduct of other BART officers

8    and officials who, collectively, conspired against David Morse. *See* Dkt. 72 (Order on Summary

9    Judgment; notes Morse's evidence including statements and conduct of Benson Fairow, Ken

10   Dam, Shane Coduti, and others). Hartwig's "surprise" argument is without merit.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

40

19844.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1

**DEFENDANT'S DISPUTED JURY INSTRUCTION**

2

**JURY INSTRUCTION NO. 27**

3

**(SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN**

4

**INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF)**

5

**Defendant's Position**

6

Defendant objects to this Instruction being given. This is not a "supervisory liability" case.

7

The allegations in the Complaint were: (1) state-false arrest (first cause of action); (2) Fourth

8

Amendment unlawful arrest (second cause of action); and (3) First Amendment retaliatory arrest

9

(third cause of action). The first and second causes of action were summarily adjudicated in

10

Defendant's favor (Docket No. 1). The only remaining cause of action for trial is retaliatory

11

arrest.

12

Plaintiff's Complaint does not allege "supervisory liability." (*Id.*) Because it is not in the

13

Complaint, it is not part of the case.

14

Supervisory liability is a cause of action. *Starr v. Baca*, 652 F.3d 1202, 1207-1208 (9th

15

Cir. 2011). Generally, it attaches liability not for an individual's violation of another's rights, but

16

for the individual's failure to stop others from violating someone's rights.

17

If Plaintiff wanted to allege supervisory liability, he could have done so. He did not.

18

Plaintiff cannot now seek a jury instruction on an allegation he never included in his Complaint. It

19

is irrelevant (FRE 401/402), highly prejudicial (FRE 403), and likely to confuse the jury (FRE

20

403). The risk here is that the jury uses the supervisory liability analysis to determine whether

21

Plaintiff satisfied his burden of proof for retaliatory arrest. The retaliatory arrest cause of action is

22

dictated by Model Civil Jury Instruction 9.10 -- nothing else. Instruction 9.3 (supervisory

23

liability) has nothing to do with whether Deputy Chief Hartwig allegedly arrested Plaintiff for his

24

speech.

25

Defendant is highly prejudiced by the "unfair surprise" element of this Jury Instruction.

26

This matter has been in litigation for nearly 2 years. Discovery has been closed since November

27

15, 2013 (Docket No. 42). Defendant's motion for summary judgment/adjudication was heard

28

and ruled upon in February 2014 (Docket No. 72). Now -- without affording Defendant any

41

19844.1

1    discovery and approximately one month before trial -- Plaintiff seeks to radically alter the nature

2    of this lawsuit. He cannot do so.

3         Plaintiff pled his complaint as retaliatory arrest against Deputy Chief Hartwig. That is the

4    case he must present to the jury. He cannot now assert Hartwig's liability through the acts of his

5    subordinates (and Hartwig's alleged failure to stop them).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**PLAINTIFF'S DISPUTED JURY INSTRUCTION**

**JURY INSTRUCTION NO. 28**

**(PARTICULAR RIGHTS—FIRST AMENDMENT—"CITIZEN" PLAINTIFF)**

As previously explained, plaintiff David Morse has the burden to prove that the acts of defendant BART Deputy Police Chief Dan Hartwig deprived Morse of particular rights under the United States Constitution. In this case, Morse alleges that Hartwig deprived him of his rights under the First Amendment to the Constitution when Hartwig ordered Morse's arrest while he was working as a journalist to report on a political protest.

Under the First Amendment, a citizen has the right to work as a journalist and report on events of public interest. In order to prove that defendant Hartwig deprived plaintiff Morse of his First Amendment rights, Morse must prove the following additional elements by a preponderance of the evidence:

1.  plaintiff David Morse engaged in journalistic activities protected under the First Amendment;

2.  defendant BART Deputy Police Chief Dan Hartwig took action against Mr. Morse; and

3.  Morse's journalistic activities were a substantial or motivating factor for Hartwig's action. A substantial or motivating factor is a significant factor.

Given:         _____

Refused:       _____

Modified:      _____

Authorities:      Model Ninth Circuit Jury Instruction No. 9.10

**Plaintiff's Position**

Plaintiff does not dispute that some typographical changes can be made to this instruction, as specified in "Difference #1" and "Difference #2" in defendant Hartwig's response below.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1   The key "Difference #3" gets at the two opposing theories of the case: whether Deputy

2   Chief's conduct to effectuate David Morse's arrest may be viewed as part of a larger, collective

3   action, that includes other BART officers such as Deputy Chief Benson Fairow as well as the

4   conduct of intelligence officer Ken Dam and arresting officer Shane Coduti (as Morse argues), or

5   whether Hartwig must be viewed in isolation, and only his specific intent and conduct is relevant

6   to a determination of Morse's claim (as Hartwig argues).

7   Without repeating the arguments made above, Morse claims that Hartwig may be held

8   liable as a supervisor and that there is no unfair surprise in permitting Morse to do so.

19844.1

**DEFENDANT'S DISPUTED JURY INSTRUCTION**

**JURY INSTRUCTION NO. 28**

**(PARTICULAR RIGHTS—FIRST AMENDMENT—"CITIZEN" PLAINTIFF)**

As previously explained, the plaintiff has the burden to prove that the act of the defendant Deputy Chief HARTWIG deprived the plaintiff DAVID MORSE of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution when Deputy Chief HARTWIG ordered Plaintiff to be removed from the detained crowded and taken into custody during a protest at the Powell St. BART station on September 8, 2011. Plaintiff alleges he was acting as a journalist at the time and that he was arrested in retaliation for his speech.

Under the First Amendment, a citizen has the right to freedom of the press. In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      On September 8, 2011, before and during the protest, the plaintiff DAVID MORSE engaged in journalistic activities protected under the First Amendment;

2.      the defendant took action against the plaintiff; and

3.      chilling the plaintiff's journalistic activities was a substantial or motivating factor for the defendant's action.

For this purposes of this Instruction, "a substantial or motivating factor" is defined as follows: but for Deputy Chief HARTWIG'S retaliatory animus against DAVID MORSE's speech, MORSE would not have been arrested.

The parties stipulate to the second element. They stipulate that HARTWIG took action against MORSE during the protest.

Given:      _____

Refused:      _____

Modified:      _____

Authorities:      Model Ninth Circuit Jury Instruction No. 9.10 (modified).

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**Defendant's Position**

Plaintiff and Defendant's Instructions contain four differences. Each is addressed in turn.

**Difference # 1**

Plaintiff writes "In this case, Morse alleges that Hartwig deprived him of his rights under the First Amendment to the Constitution when Hartwig ordered Morse's arrest while he was working as a journalist to report on a political protest."

Defendant writes "In this case, the plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution when Deputy Chief HARTWIG ordered Plaintiff to be removed from the detained crowded and taken into custody during a protest at the Powell St. BART station on September 8, 2011. Plaintiff alleges he was acting as a journalist at the time and that he was arrested in retaliation for his speech."

Defendant gives a clearer, more detailed picture of the allegations underpinning Plaintiff's First Amendment claim.

**Difference # 2**

Plaintiff writes "Under the First Amendment, a citizen has the right to work as a journalist and report on events of public interest. In order to prove that defendant Hartwig deprived plaintiff Morse of his First Amendment rights …"

Defendant writes "Under the First Amendment, a citizen has the right to freedom of the press. In order to prove the defendant deprived the plaintiff of this First Amendment right …"

Model Instruction 9.10 states, in pertinent part "Under the First Amendment, a citizen has the right [to free expression] [to petition the government] [to access the courts] [other]." Per the Model, the bracketed portion is simply to state the relevant First Amendment right. Defendant's language does that: it lists freedom of the press. Plaintiff's language, by contrast, goes beyond this simple statement. It borders on argument.

**Difference # 3**

Plaintiff writes "[a] substantial or motivating factor is a significant factor."

Defendant writes "For this purposes of this Instruction, 'a substantial or motivating factor'

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1   is defined as follows: but for Deputy Chief HARTWIG'S retaliatory animus against DAVID

2   MORSE's speech, MORSE would not have been arrested.

3        Defendant modified the sentence on substantial or motivating factor to more closely

4   reflect Ninth Circuit case authority. In *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916 (9th Cir.

5   2012), the Circuit held a First Amendment retaliation claim requires "evidence showing that by

6   his actions the defendant deterred or chilled the plaintiff's political speech and such deterrence

7   was a substantial or motivating factor in the defendant's conduct." *Lacey v. Maricopa Cnty.*, 693

8   F.3d 896, 916 (9th Cir. 2012) (internal quotations and citations omitted). The *Lacey* Court

9   emphasized the animus requirement: a plaintiff "must allege facts ultimately enabling him to

10  prove the elements of retaliatory animus as the cause of injury, with causation being understood

11  to be but-for causation." *Lacey*, *supra*, at 917 (internal quotations and citations omitted). This

12  strict causation requirement was most recently affirmed in in July 2014. *West Oberdorfer v.*

13  *Jewkes*, 12-36082, 2014 WL 3644015 (9th Cir. July 24, 2014) (upholding a dismissal for failure

14  to plead sufficient facts for a retaliatory arrest claim, the Ninth Circuit noted the plaintiff "must

15  allege facts ultimately enabling [it] to prove the elements of retaliatory animus as the cause of

16  injury, with causation being understood to be but-for causation.") (citing and quoting *Lacey*).

17       Simply defining "a substantial or motivating factor" as a "significant" factor is insufficient.

18  "Significant" is not the same thing as "but for causation." Defendant's Instruction ensures the jury

19  will have the appropriate Instruction necessary to decide Plaintiff's retaliatory arrest claim.

20       **Difference # 4**

21       Defendant writes: "The parties stipulate to the second element. They stipulate that

22  HARTWIG took action against MORSE during the protest." Plaintiff's Instruction omits this

23  stipulation.

24       The stipulation reflects the parties' agreement, and it lessens the jury's workload. Judicial

25  economy favors it.

26

27

28

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

**DEFENDANT'S DISPUTED JURY INSTRUCTION NO. 29**

**(PLAINTIFF'S ARREST)**

The lawfulness of DAVID MORSE'S arrest is not an issue in this trial. Deputy Chief HARTWIG possessed probable cause to arrest MORSE.

Given: _____

Refused: _____

Modified: _____

Authorities: Court's Order on Summary Judgment/Adjudication (Docket No. 72).

**<u>Defendant's Position</u>**

This Instruction correctly states the law of the case. It avoids undue prejudice or juror confusion by ensuring the jury correctly understands the matters at-issue. This case is about the motivation for Plaintiff's arrest. It is not about the legality of the arrest: the arrest has been deemed legal (i.e. possessing probable cause). See also Defendant's Motion in Limine #3.

Absent this Instruction, the jury may improperly believe this case turns upon the legality of Plaintiff's arrest.

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2 **PLAINTIFF'S DISPUTED JURY INSTRUCTION NO. 29**

3 **(PLAINTIFF'S ARREST)**

4 **Plaintiff's Position**

5     There was no determination of probable cause. The only determination made by the

6 District Court is that, regardless of whether probable cause existed, defendant Hartwig had a

7 reasonable belief that probable cause existed, and therefore qualified immunity should attach. *See*

8 Dkt. #72.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1

2          **PLAINTIFF'S DISPUTED JURY INSTRUCTION**

3             **JURY INSTRUCTION NO. 30**

4               **(CONSPIRACY-ELEMENTS)**

5          Plaintiff David Morse claims that defendant BART Deputy Police Chief Dan Hartwig

6    conspired with other BART officials to violate Morse's First Amendment Rights in violation of

7    42 U.S.C. § 1983. In order for Morse to prevail on his conspiracy claim, he must prove each of

8    the following elements by a preponderance of the evidence:

9          First, beginning prior to the protest held at the Powell Street BART Station on September

10   8, 2011, and ending on or about September 8, 2011, there was an agreement between two or more

11   persons to arrest Mr. Morse in violation of 42 U.S.C. § 1983; and

12         Second, the defendant BART Deputy Police Chief Dan Hartiwg became a member of the

13   conspiracy knowing of at least one of its objects and intending to help accomplish it; and

14         Third, one of the members of the conspiracy performed at least one overt act on

15   September 8, 2011, for the purpose of carrying out the conspiracy, with all of you agreeing on a

16   particular overt act that you find was committed.

17         A conspiracy is a kind of partnership—an agreement of two or more persons to commit

18   one or more violations of the law. A conspiracy is an agreement to do something unlawful; it does

19   not matter whether the violation agreed upon was committed.

20         For a conspiracy to have existed, it is not necessary that the conspirators made a formal

21   agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that

22   they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped

23   one another. You must find that there was a plan to commit at least one of the violations alleged

24   in the complaint as an object of the conspiracy with all of you agreeing as to the particular

25   violation which the conspirators agreed to commit.

26         One becomes a member of a conspiracy by willfully participating in the unlawful plan

27   with the intent to advance or further some object or purpose of the conspiracy, even though the

28   person does not have full knowledge of all the details of the conspiracy. Furthermore, one who

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. Mr. Morse is not required to prove that the defendant personally did one of the overt acts.

**Plaintiff's Position**

For the same reasons that Morse argues that a "supervisor liability" instruction should be given (*see* Plaintiff's Position, Disputed Jury Instruction No. 27), a conspiracy instruction is also proper. Under the facts of this case, there is evidence that two Deputy Police Chiefs – Dan Hartwig and Benson Fairow – worked with numerous other BART officers and officials to target David Morse for arrest, effectuate that arrest, and then hold Morse in custody unnecessarilty. These facts support an instruction under Section § 1983 conspiracy.

To the extent that defendant Hartwig argues unfair surprise, he is failing to acknowledge the evidence on summary judgment showing collective action by multiple BART officers.

Given: _____

Refused: _____

Modified: _____

Authorities:    Model Ninth Circuit Criminal Jury Instruction No. 8.20 (modified)

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1

2 **DEFENDANT'S DISPUTED JURY INSTRUCTION**

3 **JURY INSTRUCTION NO. 30**

4 **(CONSPIRACY-ELEMENTS)**

5 **<u>Defendant's Position</u>**

6     Defendant objects to this Instruction being given. This is not a "conspiracy" case.

7 The allegations in the Complaint were: (1) state-false arrest (first cause of action); (2) Fourth

8 Amendment unlawful arrest (second cause of action); and (3) First Amendment retaliatory arrest

9 (third cause of action). The first and second causes of action were summarily adjudicated in

10 Defendant's favor (Docket No. 1). The only remaining cause of action for trial is retaliatory

11 arrest.

12     Plaintiff's Complaint does not allege "conspiracy." (*Id.*) Because it is not in the

13 Complaint, it is not part of the case.

14     If Plaintiff wanted to allege conspiracy, he could have done so. He did not. Plaintiff

15 cannot now seek a jury instruction on an allegation he never included in his Complaint. It is

16 irrelevant (FRE 401/402), highly prejudicial (FRE 403), and likely to confuse the jury (FRE 403).

17 The risk here is that the jury uses the conspiracy analysis to determine whether Plaintiff satisfied

18 his burden of proof for retaliatory arrest. The retaliatory arrest cause of action is dictated by

19 Model Civil Jury Instruction 9.10 -- nothing else. It is separate and apart from any evidentiary and

20 legal threshold to prove conspiracy.

21     Defendant is highly prejudiced by the "unfair surprise" element of this Jury Instruction.

22 This matter has been in litigation for nearly 2 years. Discovery has been closed since November

23 15, 2013 (Docket No. 42). Defendant's motion for summary judgment/adjudication was heard

24 and ruled upon in February 2014 (Docket No. 72). Now -- without affording Defendant any

25 discovery and approximately one month before trial -- Plaintiff seeks to radically alter the nature

26 of this lawsuit. He cannot do so.

27     Plaintiff pled his complaint as retaliatory arrest against Deputy Chief Hartwig. That is the

28 case he must present to the jury. He cannot now assert conspiracy by Hartwig and others.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

1

2     Given:              _____

3     Refused:            _____

4     Modified:           _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**PLAINTIFF'S DISPUTED JURY INSTRUCTION**

**JURY INSTRUCTION NO. 31**

**(CONSPIRACY-KNOWLEDGE)**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the plaintiff David Morse proves each of the following by a preponderance of the evidence:

(1) defendant BART Deputy Police Chief Dan Hartwig directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) defendant Hartwig knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Given:         _____

Refused:       _____

Modified:      _____


Authorities:    Model Ninth Circuit Criminal Jury Instruction No. 8.20 (modified)


**Plaintiff's Position**

For the same reasons that Morse argues that a "supervisor liability" instruction should be given (*see* Plaintiff's Position, Disputed Jury Instruction No. 27), a conspiracy instruction is also

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

proper. Under the facts of this case, there is evidence that two Deputy Police Chiefs – Dan Hartwig and Benson Fairow – worked with numerous other BART officers and officials to target David Morse for arrest, effectuate that arrest, and then hold Morse in custody unnecessarilty. These facts support an instruction under Section § 1983 conspiracy.

To the extent that defendant Hartwig argues unfair surprise, he is failing to acknowledge the evidence on summary judgment showing collective action by multiple BART officers.


Given: _____

Refused: _____

Modified: _____

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1

2            **DEFENDANT'S DISPUTED JURY INSTRUCTION**

3                 **JURY INSTRUCTION NO. 31**

4                  **(CONSPIRACY-KNOWLEDGE)**

5    **<u>Defendant's Position</u>**

6       Defendant objects to this Instruction being given. This is not a "conspiracy" case.

7 The allegations in the Complaint were: (1) state-false arrest (first cause of action); (2) Fourth

8 Amendment unlawful arrest (second cause of action); and (3) First Amendment retaliatory arrest

9 (third cause of action). The first and second causes of action were summarily adjudicated in

10 Defendant's favor (Docket No. 1). The only remaining cause of action for trial is retaliatory

11 arrest.

12       Plaintiff's Complaint does not allege "conspiracy." (*Id.*) Because it is not in the

13 Complaint, it is not part of the case.

14       If Plaintiff wanted to allege conspiracy, he could have done so. He did not. Plaintiff

15 cannot now seek a jury instruction on an allegation he never included in his Complaint. It is

16 irrelevant (FRE 401/402), highly prejudicial (FRE 403), and likely to confuse the jury (FRE 403).

17 The risk here is that the jury uses the conspiracy analysis to determine whether Plaintiff satisfied

18 his burden of proof for retaliatory arrest. The retaliatory arrest cause of action is dictated by

19 Model Civil Jury Instruction 9.10 -- nothing else. It is separate and apart from any evidentiary and

20 legal threshold to prove conspiracy.

21       Defendant is highly prejudiced by the "unfair surprise" element of this Jury Instruction.

22 This matter has been in litigation for nearly 2 years. Discovery has been closed since November

23 15, 2013 (Docket No. 42). Defendant's motion for summary judgment/adjudication was heard

24 and ruled upon in February 2014 (Docket No. 72). Now -- without affording Defendant any

25 discovery and approximately one month before trial -- Plaintiff seeks to radically alter the nature

26 of this lawsuit. He cannot do so.

27

28

19844.1

1    Plaintiff pled his complaint as retaliatory arrest against Deputy Chief Hartwig. That is the

2    case he must present to the jury. He cannot now assert conspiracy by Hartwig and others.

3

4    Given: _____

5    Refused: _____

6    Modified: _____

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**STIPULATED JURY INSTRUCTION NO. 32**

**(Damages – Proof) (Measures of Types of Damages)**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for DAVID MORSE, you must determine his damages. DAVID MORSE has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate DAVID MORSE for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider <u>the nature and extent of the injuries. You should also consider the mental and emotional pain and suffering experienced by Mr. Morse</u>.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


Given:          _____

Refused:        _____

Modified:       _____


Authorities:    Model Ninth Circuit Jury Instruction No. 5.1 and 5.2 (modified);

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**STIPULATED JURY INSTRUCTION NO. 33**

**(Nominal Damages)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")

Given:        _____

Refused:      _____

Modified:     _____

Authorities:    Model Ninth Circuit Jury Instruction 5.6 (modified).

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**STIPULATED JURY INSTRUCTION NO. 34**

**(Punitive Damages)**

If you find for <u>DAVID MORSE</u>, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Given:      _____

Refused:    _____

Modified:   _____

Authorities:     Model Ninth Circuit Jury Instruction No. 5.5.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**STIPULATED JURY INSTRUCTION NO. 35**

**(Arguments of Counsel Not Evidence of Damages)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")


Given:          _____

Refused:       _____

Modified:      _____


Authorities:    California Civil Jury Instruction No. 3925.

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

1

**STIPULATED JURY INSTRUCTION NO. 36**

2

**(Duty to Deliberate)**

3        Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction.

4    (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or

5    concluding instructions, please simply cite to the numbers of the requested instructions in the

6    current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the

7    parties shall not include preliminary, general, or concluding instructions in the packet.")

8

9    Given:        _____

10   Refused:      _____

11   Modified:     _____

12

13   Authorities:    Model Ninth Circuit Jury Instruction No. 3.1.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**STIPULATED JURY INSTRUCTION NO. 37**

**(Consideration of Evidence – Conduct of the Jury)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")


Given:        _____

Refused:      _____

Modified:     _____


Authorities:    Model Ninth Circuit Jury Instruction No. 3.1A.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**STIPULATED JURY INSTRUCTION NO. 38**

**(Communication with Court)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")

Given:  _____

Refused:  _____

Modified:  _____

Authorities:     Model Ninth Circuit Jury Instruction No. 3.2.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**STIPULATED JURY INSTRUCTION NO. 39**

**(Readbacks or Playbacks)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")

Given:  _____

Refused:  _____

Modified:  _____

Authorities:    Model Ninth Circuit Jury Instruction No. 3.2A.

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**STIPULATED JURY INSTRUCTION NO. 40**

**(Return of Verdict)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")

Given:        _____

Refused:      _____

Modified:     _____

Authorities:     Model Ninth Circuit Jury Instruction No. 3.3.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19844.1

**STIPULATED JURY INSTRUCTION NO. 41**

**(Additional Instructions of Law)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")

Given: _____

Refused: _____

Modified: _____


Authorities:    Model Ninth Circuit Jury Instruction No. 3.4.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1

**STIPULATED JURY INSTRUCTION NO. 42**

**(Deadlocked Jury)**

Pursuant to the Court's Pretrial Order, the parties do not list the text of this Instruction. (Docket No. 17, 3:7-11) ("With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.")

Given:        _____

Refused:      _____

Modified:     _____

Authorities:    Model Ninth Circuit Jury Instruction No. 3.5.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

JURY INSTRUCTIONS
C12-5289 JSC (DMR)

19844.1