United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID MORSE,

         Plaintiff,

   v.

BART DEPUTY CHIEF DAN HARTWIG,

        Defendant.

Case No. 12-5289 JSC

**[REVISED PROPOSED] JURY INSTRUCTIONS**

Dated: Sept. 25, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
Northern District of California

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in closing arguments, or have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Edward Schlegel was taken in this case. You should consider his deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

United States District Court
Northern District of California

United States District Court
Northern District of California

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## EXPERT EVIDENCE

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.   Jim Dudley testified as an expert witness.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits capable of being displayed electronically, such as the video and audiotapes admitted into evidence, will be provided to you in that form, and you will be able to view them in the jury room.

If you need additional equipment or supplies, you may make a request by sending a note.  In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view. If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room to assist with the technical difficulty. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. Do not attempt to alter the computer to obtain access to such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION

Plaintiff David Morse brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SECTION 1983 CLAIM - ELEMENTS AND BURDEN OF PROOF

To prevail on his section 1983 claim against Defendant BART Deputy Chief Dan Hartwig, Plaintiff David Morse must prove each of the following elements by a preponderance of the evidence:

1.     the defendant acted under color of law; and

2.     the act[s] of the defendant deprived Plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

The parties have stipulated that BART Deputy Chief Hartwig acted under color of law.

If you find Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under the other instructions, your verdict should be for Plaintiff. If, on the other hand, Plaintiff has failed to prove any one or more of these elements, your verdict should be for Defendant.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST AMENDMENT—RETALIATORY ARREST

As previously explained, Plaintiff David Morse has the burden to prove that the act[s] of Defendant BART Deputy Chief Dan Hartwig deprived Mr. Morse of particular rights under the United States Constitution. In this case, Mr. Morse alleges Deputy Chief Hartwig deprived him of his rights under the First Amendment to the Constitution when he ordered that Mr. Morse be detained on September 8, 2011.

Under the First Amendment, a citizen has the right to free expression.  In order to prove Deputy Chief Hartwig deprived Mr. Morse of this First Amendment right, Mr. Morse must prove the following additional elements by a preponderance of the evidence:

1. Mr. Morse engaged in speech protected under the First Amendment;

2. Deputy Chief Hartwig took action against Mr. Morse; and

3. Mr. Morse's protected speech was a "but for" cause for Deputy Chief Hartwig's action; that is, "but for" Mr. Morse's protected speech, Deputy Chief Hartwig would not have ordered that Mr. Morse be detained.

I instruct you that Mr. Morse's articles concerning BART police were protected under the First Amendment and, therefore, the first element requires no proof.

The parties stipulate to the second element: they stipulate that Deputy Chief Hartwig took action against Mr. Morse during the September 8, 2011 protest.

**PENAL CODE SECTION 369i AND PROBABLE CAUSE TO ARREST**

You have heard testimony that Mr. Morse was charged with a violation of California Penal Code section 369i.  The version of Section 369i in effect at the time of Mr. Morse's arrest provided, in full:

> (a) Any person who enters or remains upon the property of any railroad without the permission of the owner of the land, the owner's agent, or the person in lawful possession and whose entry, presence, or conduct upon the property interferes with, interrupts, or hinders, or which, if allowed to continue, would interfere with, interrupt, or hinder the safe and efficient operation of any locomotive, railway car, or train is guilty of a misdemeanor.
>
> As used in this subdivision, "property of any railroad" means any land owned, leased, or possessed by a railroad upon which is placed a railroad track and the land immediately adjacent thereto, to the distance of 20 feet on either side of the track, which is owned, leased, or possessed by a railroad.
>
> (b) Any person who enters or remains upon any rail transit related property owned or operated by a county transportation commission or transportation authority without permission or whose entry, presence, or conduct upon the property interferes with, interrupts, or hinders the safe and efficient operation of the railline or rail-related facility is guilty of a misdemeanor.
>
> As used in this subdivision, "rail transit related property" means any land or facilities owned, leased, or possessed by a county transportation commission or transportation authority.
>
> (c) This section does not prohibit picketing in the immediately adjacent area of the property of any railroad or rail transit related property or any lawful activity by which the public is informed of the existence of an alleged labor dispute.

You are not to decide whether Mr. Morse violated Penal Code section 369i on September 8, 2011.  Nor are you to decide whether there was probable cause to arrest Mr. Morse for a violation of Penal Code section 369i.  It has already been determined that there was probable cause to arrest Mr. Morse, as well as the other journalists and protestors at the protest, for a violation of Penal Code section 369i because Mr. Morse was in the group of protestors that caused BART patrons to be diverted on their way to the fare gates.

14

Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime.  Probable cause is measured by an objective standard that would not take into account the arresting officer's specific subjective motivations or beliefs.

Even if Mr. Morse did violate the Penal Code, and even if there was probable cause to arrest Mr. Morse, Deputy Chief Hartwig can still be liable if you find that but for Mr. Morse's protected speech, Deputy Chief Hartwig would not have ordered that Mr. Morse be detained.

United States District Court
Northern District of California

## DAMAGES-PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on his First Amendment claim, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant Deputy Chief Hartwig.

## PUNITIVE DAMAGES

If you find for Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that Defendant Deputy Chief Hartwig's conduct that harmed David Morse was malicious, oppressive or in reckless disregard of David Morse's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

United States District Court
Northern District of California

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court clerk signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.